(C.D. 3279)

ZUNOLD TRADING CORPORATION LEADING FORWARDERS, INC. } *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 6, 1968)

*Sharretts, Paley, Carter & Blauvelt* (*M. Barry Levy* and *Eugene F. Blauvelt* of counsel) for the plaintiffs.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Arthur E. Schwimmer* and *Mollie Strum*, trial attorneys), for the defendant.

WATSON, Judge: This is one of two cases presently pending before the court involving the identical issue. The other case is *Armbee Corporation* and *W. J. Byrnes & Co., Inc.* v. *United States*, 60 Cust. Ct. 105, C.D. 3278, decided concurrently with the present case. The question for determination is whether certain artificial flowers and foliage which were classified at the rate of 28 per centum ad valorem under item 748.20 of the Tariff Schedules of the United States as artificial flowers, wholly or almost wholly of plastics, are excluded from classification under said item by virtue of the provisions of headnote 1(iii) of schedule 7, part 7, subpart B of the Tariff Schedules of the United States.

Headnote 1(iii) of schedule 7, part 7, subpart B of the Tariff Schedules of the United States provides that the provisions of item 748.20 of said schedules do not include "articles consisting of parts assembled otherwise than by binding with flexible materials such as wire, paper, textile material, or foil, or by gluing, or by similar methods". As disclosed by the record in this case, the involved merchandise is made in the following manner:

A. The process of manufacturing the plastic flowers is one of what is know [sic] is injection molding. The material used is polyethylene, and the method is one of first molding the various petals and stems that are required in order to have the finished product, and the method of assembly is one of snapping or slipping on the various petals required to recreate the finished product. [R. 21.]

Plaintiffs claim the involved merchandise properly dutiable at the rate of 17 per centum ad valorem under item 774.60 of the Tariff Schedules of the United States as "other" articles, not specially provided for, of rubber or plastics.

Plaintiffs' witness, Mr. Isidore Abrams, who stated that he has been familiar with the type of flowers represented by plaintiffs' exhibit 1 since about 1955, explained that each leaf has at its base a socket which fits over a ball on the stem (R. 23) ; that, in addition to a main stem, the various petals or leaves therein are also individually molded, although sometimes "two pieces might be molded at one time, but to all intents and purposes they are molded separately" (R. 24).

Plaintiffs' second witness was Mr. Jerome Marrow who stated that he has been in the artificial flower business for some 44 years and that he was familiar with the type of flowers represented by plaintiffs' exhibit 1. His testimony with respect to the manner in which the various flower parts of the involved merchandise were assembled was substantially the same as that given by the prior witness. Both witnesses for the plaintiffs were of the opinion that no glue, wire, flexible

binding material, or any extraneous material was used in assembling the parts (R. 25, R. 42–43).

We have considered the arguments advanced by counsel for both the plaintiffs and defendant, as well as the authorities and cases to which our attention has been directed, and are of the opinion that the artificial flowers here in question are, by virtue of the provisions of headnote 1(iii), schedule 7, part 7, subpart B of the Tariff Schedules of the United States, excluded from classification under the provisions of item 748.20 of said schedules. Our reasons for this finding are given in more detail in or decision in the case of *Armbee Corporation and W. J. Byrnes & Co., Inc.* v. *United States*, protest 62/2244, reference to which has been previously made.

For all of the reasons stated in this and the *Armbee Corporation* case, *supra*, we hold the involved merchandise properly dutiable under item 774.60 of the Tariff Schedules of the United States at the rate of 17 per centum ad valorem as other "Articles not specially provided for, of rubber or plastics", as claimed. To the extent indicated, the protest is sustained. Judgment will issue accordingly.