BEFORE THE FIRST DIVISION, NOVEMBER 19, 1968

**No. P68/492.**—S. S. Kresge Company *v.* United States, protests 67/49033, etc. (New York).

WATSON, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of artificial flowers in chief value of plastic, assembled in the same manner as the plastic artificial flowers in *Armbee Corporation et al.* v. *United States* (60 Cust. Ct. 105, C.D. 3278) and *Zunold Trading Corporation et al.* v. *United States* (60 Cust. Ct. 112, C.D. 3279), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 19, 1968

**No. P68/493.**—Metasco, Inc. *v.* United States, protest 61/2060 (Boston).

DONLON, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of bicycles, with or without tires having wheels in diameter (measured to the outer circumference of the tire) over 25 inches, weighing less than 36 pounds complete without accessories, and not designed for use with tires having a cross-sectional diameter exceeding 1⅝ inches and that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co., Mangano Cycles Co.* (47 CCPA 152, C.A.D. 750), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 19, 1968

**No. P68/494.**—Roberts, Reilly & Sons, Inc. *v.* United States, protest 67/42433 (New York).

LANDIS, J.  In accordance with stipulation of counsel that the principles in this case are similar in all material respects to those involved in *International Expediters, Inc.* v. *United States* (30 Cust. Ct. 352, Abstract 57104), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, NOVEMBER 20, 1968

**No. P68/495.**—New York Merchandise Co., Inc. *v.* United States, protest 67/81188 (New York).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of nodding head animals similar in all material respects to those the subject of *Wilson's Customs Clearance, Inc.* v. *United States* (59 Cust. Ct. 36, C.D. 3061), and that said merchandise is wholly or in chief value of iron or steel, the claim of the plaintiff was sustained.

**No. P68/496.**—A. D. Sutton & Sons *v.* United States, protest 66/10903 (San Francisco).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of nodding head animals similar in all material respects to those the subject of *Wilson's Customs Clearance, Inc.* v. *United States* (59 Cust. Ct. 36, C.D. 3061), and that said merchandise is wholly or in chief value of papier mache, the claim of the plaintiff was sustained.

**No. P68/497.**—Sterling Merchandise Co., Inc. *v.* United States, protest 67/68130 (New York).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of ballet dancing figures on jewelry boxes similar in all material respects to those the subject of *Canton Son, Inc.* v. *United States* (48 Cust. Ct. 398, Abstract 66652), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, NOVEMBER 26, 1968

**No. P68/498.**—The Bendix Corporation *v.* United States, protest 64/16611 (Cleveland).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of scientific instruments similar in all material respects to those the subject of *The Bendix Corporation* v. *United States* (57 Cust. Ct. 184, C.D. 2759), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 26, 1968

**No. P68/499.**—S. S. Kresge Co. *v.* United States, protest 58/18552 (New York).