BEFORE THE FIRST DIVISION, JANUARY 27, 1969

**No. P69/29.**—Keen Industries, Inc. *v.* United States, protest 68/37776–7967 (Chicago).

WATSON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of artificial flowers, trees, foliage, fruits, vegetables, grasses, or grains, and articles made of the foregoing, in chief value of plastic, assembled in the same manner as the merchandise the subject of *Armbee Corporation et al.* v. *United States* (60 Cust. Ct. 105, C.D. 3278) and *Zunold Trading Corporation et al.* v. *United States* (60 Cust. Ct. 112, C.D. 3279), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JANUARY 28, 1969

**No. P69/30.**—World Famous Sales Company, Inc., et al. *v.* United States, protests 65/21486 and 65/21487 (Los Angeles).

**No. P69/31.**—Inland Marine Company *v.* United States, protests 67/49557, etc. (New York).

RICHARDSON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of boats the same in all material respects as those the subject of *Andrew Dossett Imp., Inc.* v. *United States* (59 Cust. Ct. 350, C.D. 3167), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, JANUARY 29, 1969

**No. P69/32.**—Gehrig, Hoban & Co., Inc. *v.* United States, protest 66/2947 (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of turret punch press and parts thereof similar in all material respects to the merchandise the subject of *T.D. Downing Co.* v. *United States* (60 Cust. Ct. 345, C.D. 3386), the claim of the plaintiff was sustained.