BEFORE THE FIRST DIVISION, APRIL 28, 1969

**No. P69/121.**—Delta Novelty Co., Inc., et al. *v.* United States, protests 67/15902, etc. (New York).

**No. P69/122.**—Corham Artificial Flower Co. *v.* United States, protests 67/20260, etc. (New York).

**No. P 69/123.**—Deldan Design, Inc. *v.* United States, protests 67/30476, etc. (New York).

**No. P69/124.**—Marcus Display Industries, Inc. *v.* United States, protests 67/34393, etc. (Boston).

**No. P69/125.**—Regency Flowers, Inc., et al. *v.* United States, protests 67/36345, etc. (New York).

**Po. P69/126.**—Colorado Trading Co. *v.* United States, protests 67/55000, etc. (Los Angeles).

**No. P69/127.**—City Products Corp. *v.* United States, protests 67/83206 and 67/6396 (Philadelphia).

**No. P69/128.**—Karl Schroff & Assoc., Inc. *v.* United States, protests 67/86015–6153, etc. (Chicago).

**No. P69/129.**—Reliance Trading Corp. of Illinois et al. *v.* United States, protests 68/33639–7892, etc. (Chicago).

WATSON, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of artificial flowers, trees, foliage, fruits, vegetables, grasses, or grains, and articles made of the foregoing, in chief value of plastic, assembled in the same manner as the merchandise the subject of *Armbee Corporation et al.* v. *United States* (60 Cust. Ct. 105, C.D. 3278) and *Zunold Trading Corporation et al.* v. *United States* (60 Cust. Ct. 112, C.D. 3279), the claim of the plaintiffs was sustained.