cers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, APRIL 28, 1969

**No. P69/121.**—Delta Novelty Co., Inc., et al. *v.* United States, protests 67/15902, etc. (New York).

**No. P69/122.**—Corham Artificial Flower Co. *v.* United States, protests 67/20260, etc. (New York).

**No. P 69/123.**—Deldan Design, Inc. *v.* United States, protests 67/30476, etc. (New York).

**No. P69/124.**—Marcus Display Industries, Inc. *v.* United States, protests 67/34393, etc. (Boston).

**No. P69/125.**—Regency Flowers, Inc., et al. *v.* United States, protests 67/36345, etc. (New York).

**Po. P69/126.**—Colorado Trading Co. *v.* United States, protests 67/55000, etc. (Los Angeles).

**No. P69/127.**—City Products Corp. *v.* United States, protests 67/83206 and 67/6396 (Philadelphia).

**No. P69/128.**—Karl Schroff & Assoc., Inc. *v.* United States, protests 67/86015–6153, etc. (Chicago).

**No. P69/129.**—Reliance Trading Corp. of Illinois et al. *v.* United States, protests 68/33639–7892, etc. (Chicago).

WATSON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of artificial flowers, trees, foliage, fruits, vegetables, grasses, or grains, and articles made of the foregoing, in chief value of plastic, assembled in the same manner as the merchandise the subject of *Armbee Corporation et al.* v. *United States* (60 Cust. Ct. 105, C.D. 3278) and *Zunold Trading Corporation et al.* v. *United States* (60 Cust. Ct. 112, C.D. 3279), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, APRIL 29, 1969

**No. P69/130.**—International Expediters, Inc. *v.* United States, protests 66/73643–2014, etc. (Chicago).

**No. P69/131.**—Bowl-O-Beauty Co. et al. *v.* United States, protests 66/77261–2589, etc. (Chicago).

**No. P69/132.**—Karl Schroff & Assoc., Inc. *v.* United States, protests 66/78622–2657, etc. (Chicago).

**No. P69/133.**—Karl Schroff & Assoc., Inc. *v.* United States, protests 67/736–2513, etc. (Chicago).

**No. P69/134.**—Karl Schroff & Assoc., Inc. v. United States, protests 67/3543–2607, etc. (Chicago).

**No. P69/135.**—Karl Schroff & Assoc., Inc., et al. v. United States, protests 67/40025–3868, etc. (Chicago).

**No. P69/136.**—Marcus Display Industries, Inc. v. United States, protests 67/53040, etc. (Boston).

**No. P69/137.**—First American Natural Ferns Company, Inc., et al. v. United States, protests 67/63812, etc. (Los Angeles).

**No. P69/138.**—International Expediters, Inc. v. United States, protests 67/66148–5331, etc. (Chicago).

WATSON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of artificial flowers, trees, foliage, fruits, vegetables, grasses, or grains, and articles made of the foregoing, in chief value of plastic, assembled in the same manner as the merchandise the subject of *Armbee Corporation et al.* v. *United States* (60 Cust. Ct. 105, C.D. 3278) and *Zunold Trading Corporation et al.* v. *United States* (60 Cust. Ct. 112, C.D. 3279), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, APRIL 29, 1969

**No. P69/139.**—Milo Mills, Inc. v. United States, protest 64/9995 (New York).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of rayon yarn similar in all material respects to that the subject of *Chester Tricot Mills, Inc.* v. *United States* (56 Cust. Ct. 532, C.D. 2695), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, APRIL 30, 1969

**No. P69/140.**—Isaac B. Cohen & Sons Corp. et al. v. United States, protests 68/9781, etc. (New York).

MALETZ, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of nodding head animals similar in all material respects to those the subject of *Wilson's Customs Clearance, Inc.* v. *United States* (59 Cust. Ct. 36, C.D. 3061), and that said merchandise is wholly or in chief value of papier mache, the claim of the plaintiffs was sustained.