(C.D. 4109)

CORHAM ARTIFICIAL FLOWER CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 28, 1970)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Peter Jay Baskin,* trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: These protests, consolidated for the purpose of trial, place in issue the classification of certain articles invoiced as plastic artificial flowers. The merchandise was classified pursuant to item 748.20 of the Tariff Schedules of the United States as "[a]rtificial flowers, trees, * * *: [w]holly or almost wholly of plastics." Plaintiff claims that the merchandise is properly classifiable pursuant to item 774.60 of said tariff schedules as other "[a]rticles not specially provided for, of rubber or plastics."

It has been stipulated by the parties that the instant merchandise is not constructed in the same manner as the merchandise which was the subject of *Armbee Corporation, W. J. Byrnes & Co., Inc.* v. *United States,* 60 Cust. Ct. 105, C.D. 3278, 279 F. Supp. 438 (1968), and *Zunold Trading Corporation, Leading Forwarders, Inc.* v. *United States,* 60 Cust. Ct. 112, C.D. 3279 (1968). In those cases a "snap-on-" method of assembling artificial flowers was held to exclude said flowers from item 748.20 in accordance with the guidelines in headnote 1(iii) of subpart B, part 7 of schedule 7.

The relevant statutory provisions read as follows:

Classified under:

Schedule 7, Part 7, Subpart B of the Tariff Schedules of the United States:

> Artificial flowers, trees, foliage, fruits, vegetables, grasses, or grains, parts of the foregoing and articles made of the foregoing (except articles provided for in item 748.15 or 748.40 of this subpart):
> 748.20     Wholly or almost wholly of plastics_____ 28% ad val.

Claimed under:

Schedule 7, Part 12, Subpart D of the Tariff Schedules of the United States:

> Articles not specially provided for, of rubber or plastics:
>
> &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;
>
> 774.60  Other _____ 17% ad val.

The record establishes that the importations are made of a rigid plastic possessing glass-like translucent qualities and are marketed under the trade name "Crystalin". The importations have the appearance of leaves and flowers and although they are not botanically exact copies of real plants, they bear a marked resemblance to certain flowers. They are used for decorative purposes.

The exhibits in a case such as this are particularly important. An examination of the exhibits representing the importations reveals that they conform in all respects to this court's understanding of the term artificial flowers. They resemble natural flowers and are utilized for the same purposes. *Marshall Field & Co.* v. *United States*, 45 CCPA 72, C.A.D. 676 (1958). There is no requirement that "artificial flowers" be exact simulations of natural flowers in color or botanical details. It is sufficient that they possess general physical characteristics associated with natural plants such as leaves, stems and flowers sufficient to generate recognition within the common understanding of such natural form. *Cochran Co. et al.* v. *United States*, 10 Ct. Cust. Appls. 62, T.D. 38336 (1920).

Plaintiff relies heavily on the argument that the instant merchandise resembles, in its essential characteristics, the merchandise in *Moore International, Inc., American Customs Brokg. Co., Inc., et al.* v. *United States*, 59 Cust. Ct. 45, C.D. 3064 (1967), aff'd in *The United States* v. *Moore International, Inc., American Customs Brokerage Co., Inc., et al.* 56 CCPA 11, C.A.D. 944 (1968). In that case the term "artificial fruits" was held not to encompass certain articles of wood carved in the shape of fruits. The court reasoned that the dominant characteristic of the importations in question was their manipulation of the wood material and not their imitation of natural fruits. We do not accept plaintiff's argument that the instant importations are similar in having as their design emphasis the use of glass-like material. Our view of the testimony and the exhibits lead to the conclusion that the dominant characteristics of the importations reside in the resemblance they possess to natural leaves and flowers and not in the use they make of their component material. In the *Moore* case, plaintiffs proved that it was the use of natural textured wood and

the shaping thereof which was of primary design and commercial importance as opposed to the imitative element. Plaintiff herein has not shown that such is the case with regard to the material of which the instant importations are made, nor, in view of our examination of the exhibits, do we think such a position would be tenable. On these grounds we distinguish the *Moore* case.

For the reasons set forth above we overrule the protests herein and hold that the instant importations were properly classified as artificial flowers pursuant to item 748.20 of the Tariff Schedules of the United States.

Judgment will issue accordingly.