(C.R.D. 72–5)

W. J. BYRNES & CO., INC. CROWN FLORIST SUPPLY ET AL. } v. UNITED STATES

(Dated February 17, 1972)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiffs.
*L. Patrick Gray, III*, Assistant Attorney General (*Andrew P. Vance*, trial attorney), for the defendant.

WATSON, Judge: I believe a short memorandum to accompany this order is desirable to clarify the use and abuse of the motion for rehearing.

A rehearing may be proper when there has been some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important new evidence which was not available, even to the diligent party, at the time of trial, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case. In short, a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding.[1]

The present cases were dismissed for failure to prosecute pursuant to rule 14.8(c) of the rules of this court. They had originally been suspended pending a decision in *Gorham Artificial Flower Co.* v. *United States*, 65 Cust. Ct. 384, C.D. 4109 (1970). After that case was decided on October 28, 1970, they were transferred to the suspension disposition file pursuant to rule 14.8(a) and the plaintiffs were given until November 9, 1971 to dispose of them or face dismissal.

---

[1] See, 66 C.J.S. New Trial § 79, § 82 (1950). See, generally, id. §§ 13–114 (1950). Cf. 5 C.J.S. Appeal & Error § 1410, § 1411 (1958).

On November 4, 1971, plaintiffs filed a motion for an order extending the time for which these cases might remain in the suspension disposition file to November 9, 1972. The grounds given were that a complaint and answer had been filed in a new test case with the same issues of facts and law as these cases, the trial of which would take place before November 9, 1972. The purported test case was not identified.

On November 26, 1971, these cases were dismissed for failure to prosecute.

Plaintiffs now move for a rehearing on the grounds they have identified a case in which a complaint was filed on November 8, 1971, in which the issues are the same as those herein, which fact they assert now warrants the retention of these cases in the suspension disposition file until such time as they may be suspended under the new case.

These grounds have nothing in common with those usually given to support a motion for a rehearing and in fact are no grounds at all. A true motion for a rehearing would have to address itself to the decision that plaintiffs failed to prosecute these actions and give reason to show that plaintiffs did indeed prosecute them. At the very least, this would require plaintiffs to show that *prior to dismissal* they did in fact diligently attempt to suspend these actions under a test case pursuant to rule 14.7(a) of the rules of the court.

Plaintiffs have done something entirely different here. Instead of showing that the steps they took before dismissal should be looked at in a new light as evincing an attempt to prosecute, they are simply attempting to take new steps, supply new grounds and revive a totally defective and unmeritorious prior motion. In effect, plaintiffs are making a new motion for an extension of time in the guise of a motion for rehearing.

Plaintiff's original motion was incorrect, inaccurate and improper and it is no better in its current form. The original motion stated that a complaint and answer in a new case had been filed when, in fact, nothing of the sort had taken place. It did not even identify the new case. It also contained a fundamental error in supposing that the mere existence of a case which may ultimately ripen into a test case is a good cause for extending the time in which the instant cases might remain unprosecuted. Under rule 14.7(a) of the rules of this court, a case may be suspended only under a "pending" case; defined as a case in which trial has commenced. Time should certainly not be extended by a motion which is not a genuine attempt to suspend under a pending case.

The new motion identifies a case in which a *complaint alone* was filed *four days after the filing of the original motion*. Evidently this is supposed to revitalize the original motion. Aside from the obvious

disparity of the dates, this perpetuates the error that the mere existence of a new case is good cause for extending the already generous period in which these cases were permitted to remain unprosecuted. More basically, it adds nothing to change the original decision that there was a failure to prosecute.

In sum, there is nothing in this motion to indicate there was any attempt to prosecute these cases and consequently no reason to order a rehearing. The motion is without merit. It is therefore,

ORDERED, that plaintiffs' motion for a rehearing and a setting aside of the decision and judgment rendered by this court on November 26, 1971, dismissing protests 67/76139(B), 67/78889(B), 67/89402(A) and 67/82982(A) for lack of prosecution, pursuant to rule 14.8(c), is denied.