(C.D. 4780)

ATKINS KROLL & CO., INC. *v.* UNITED STATES

Court No. R65/5606

Port of Honolulu

(Dated December 5, 1978)

*Glad, Tuttle & White* (*George R. Tuttle* of counsel) for the plaintiff.

*Barbara Allen Babcock*, Assistant Attorney General (*Velta A. Melnbrencis*, attorney), for the defendant.

RICHARDSON, Judge: The importer moves pursuant to rule 12.1 of the court rules for a rehearing of the order entered herein on September 15, 1978, denying a rehearing of the order entered herein on July 26, 1978, which dismissed the action for lack of prosecution pursuant to rule 8.3(b)(3) of the court rules. In support of the instant motion the importer sets forth an affidavit of attorney George R. Tuttle, dated October 13, 1978, in which it is averred, among other things, that it had been determined after inquiry by counsel that the merchandise in this case was similar in all material respects to merchandise in the consolidated case of *Atkins Kroll & Co., Inc.* v. *United States*, R65/10806–12169, etc., which was tried and submitted on September 19, 1978, and, on the basis of a recital of additional circumstances attending prior proceedings herein which culminated in plaintiff's first motion for a rehearing, urges the court to grant a rehearing in this action and to suspend the action under the heard-and-submitted action (R65/10806). Additionally, an accompanying statement submitted with the moving papers by the affiant urges vacatur of the dismissal of the action in view of the substantial work performed in the heard-and-submitted case (R65/10806).

The Government opposes the motion. The Government contends that the importer has failed to disclose grounds for a rehearing, pointing out that nothing in the statement or affidavit supporting the instant motion furnishes any grounds for a rehearing.

The court agrees with the Government. Rule 12.1(b) of the court rules requires that a motion for rehearing must clearly state the grounds upon which the moving party relies for the granting of rehearing. Apart from the fact that there appears to be no authority under the rules for entertaining a second motion for rehearing, the moving papers fail to set forth any grounds upon which a rehearing could be granted.

Dismissal of this action was predicated upon lack of prosecution. Consequently, any grounds asserted in support of a motion for rehearing must come to grips with the propriety of the dismissal, given the background leading to such course of action, and make a showing of *diligence* in the prosecution of the action prior to that point. *W. J. Byrnes & Co., Inc., Crown Florist Supply et al.* v. *United States*,[1] 68 Cust. Ct. 358, C.R.D. 72–5 (1972). In its first motion for rehearing herein the importer wholly failed to undertake to exculpate itself from the taint of prosecutorial neglect, electing instead, by mere *statement*[2] in support of the motion, to assert the feasibility of consolidation of the dismissed action with an action then awaiting trial (R65/10806) and from which action the dismissed action was said to have been inadvertently disassociated. However, mere *feasibility*

---

[1] Counsel for the importer in C.R.D. 72–5 and the importer in the case at bar are one and the same.
[2] Rule 12.1(b) of the court rules required the submission of an affidavit setting forth in detail the supporting facts.

of prolongation of an action will not revive a dismissed action in the absence of the requisite exculpation from prosecutorial neglect. *W. J. Byrnes & Co., Inc.* v. *United States, supra.*

The affidavit of counsel submitted in support of the importer's second motion for rehearing does not exculpate the importer from the taint of prosecutorial neglect. Although attorney Tuttle's affidavit does not so indicate, the court's letter to counsel under date of June 13, 1978, expressly offered plaintiff-importer the opportunity to notice the case for trial or take other steps to dispose of it within a 30-day period as a means of obviating a dismissal of the action for lack of prosecution. And it was only after neither alternative to dismissal was pursued by counsel and no communication received by the court from counsel indicative of its interest in or of problems encountered in the prosecution of the action was the action dismissed by the court *sua sponte* on July 26, 1978, pursuant to rule 8.3(b)(3) adopted by the court subsequent to the enactment of the Customs Courts Act of 1970.

It is to be noted that rule 8.3(b)(3) which provides for dismissal of an action for lack of prosecution "[w]henever it shall appear that any * * * action is not being prosecuted with due diligence * * * *" did not originate after the Customs Courts Act of 1970. The substance of this rule was contained in former rule 5(b) of the rules of the U.S. Customs Court, adopted April 25, 1949, as amended and in effect March 28, 1960, and applicable when this action was commenced in 1965 as a reappraisement appeal. Rule 5(b) authorized the court to dismiss an action for lack of prosecution "[w]henever it shall be made to appear to * * * this court * * * that the same is not being prosecuted with due diligence * * * ." And former rule 5(b) has been construed by our appeals court in *United States* v. *Chas. Kurz Co.*, 55 CCPA 107, C.A.D. 941 (1968) *in support of* the trial court's dismissal of an importer's reappraisement appeal as being a proper exercise of authority accorded to the court under the rule, and this, under factual circumstances where considerably less latitude and deference was given to the importer there in the handling of its overage appeal prior to dismissal than that accorded the importer by this court in the case at bar. In C.A.D. 941, the majority, speaking through Chief Judge Worley, said (p. 110):

> We find nothing in this record to hold that the trial judge acted arbitrarily or capriciously. On the contrary, we think his dismissal of the appeal was, on the record before us, consistent with the valid exercise of the authority with which rule 5(b) clothes all judges of the Customs Court in discharging their responsibilities.

The "due diligence" requirement of rule 8.3(b)(3) is a necessary safeguard against erosion of the court's authority under the rules to

foster sound management in the expeditious handling of its litigation business. And the court finds that insistence on the "due diligence" requirement in this case is salutary in the light of the history of the case.

The court's records reveal that since this case was started as a reappraisement appeal in 1965, it has appeared on the court's trial calendars a total of six times between March 29, 1966, when it was transferred to the San Francisco docket and September 17; 1968, when it was suspended under *City Lumber Co. and Port Everglades Steel Corp.* v. *United States*, R62/3973, inclusive of two occasions during which it was continued "peremptorily" and "For trial peremptorily" against the importer on September 12, 1967, and January 30, 1968, respectively. Thereafter, the case languished in suspension status for more than 4 years under R62/3973, until that case was finally resolved in the Government's favor in 1972. (See *City Lumber Co.* v. *United States*, 59 CCPA 89, C.A.D. 1045, 457 F. 2d 991 (1972).)

The subsequent filing of a complaint in the action in 1973 seems more the product of the importer's desire to avoid dismissal under rule 8.3(b)(2) than of its desire to prosecute the action, judged in the light of its ensuing inertia. In any event, the importer's posture in the instant motion manifests a continuing intention not to "prosecute" the action, but to arrest its "prosecution" through yet another vehicle of suspension. Under the circumstances attending this record the court deems it not in the best interests of efficient court administration to sanction the revival of an overage case which plaintiff wishes to place in deep slumber under yet another suspension.

Plaintiff's second motion for rehearing is denied.

(C.D. 4781)