EISEMAN-LUDMAR CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 76-1-00117

Before BOE, *Judge.*

(Dated September 21, 1981)

*Fitch, King & Caffentzis (Richard C. King* on the brief) for the plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Robert H. White* on the brief), for the defendant.

BOE, *Judge:* With respect to the decision and judgment of this court in the above-entitled action entered on July 28, 1981, the plaintiff seeks, pursuant to rule 59 of this court, a rehearing "* * * and a reconsideration of the evidence and applicable principles of the law to be applied to the evidence."

In the case of *W. J. Byrnes & Co., Inc.* v. *United States,* 68 Cust. Ct. 358, C.R.D. 72-5 (1972), the United States Customs Court through Judge Watson has succinctly stated:

> A rehearing may be proper when there has been some error or irregularity in the trial, a serious evidentiary flaw, a discovery of important new evidence which was not available, even to the diligent party, at the time of trial, or an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which severely impaired a party's ability to adequately present its case. In short, a rehearing is a method of rectifying a significant flaw in the conduct of the original proceeding.

The grounds upon which the plaintiff predicates its motion, indeed, possess none of the criteria upon which rehearings have been granted in suits in equity in the courts of the United States. In sum, the plaintiff, advancing the same arguments as presented to this court in its memorandum brief in the trial of the instant action, presently seeks to have this court in reconsidering its decision and judgment herein construe the evidence and testimony presented at the trial of the within action in the identical manner as interpreted by the plaintiff. An allegedly incorrect evaluation of evidence by a trial court is not a proper ground for rehearing but for appeal.

Plaintiff's alternative request contained in its motion that the instant action be reopened "* * * for the taking of additional testimony to confirm plaintiff's above analysis of the evidence of record on the known uses of manchons * * *" only serves to confirm this court's opinion with respect to the inadequacy of plaintiff's evidence to sustain its dual burden of proof. Neither party hereto can be said to have been "precipitously rushed" into the trial arena. After four years following the joinder of issue in the instant action, after repeated directives by the court to proceed to trial and after numerous extensions of time granted to each party litigant, a request for the reopening of the instant action for the purpose of taking additional testimony in an attempt to confirm a litigant's interpretation of the evidence presented during the full prior trial thereof, indeed, does not serve to add luster to our judicial system.

The motion of the plaintiff, accordingly, be and is hereby denied.