## LUNHAM *v.* UNITED STATES (No. 271).[1]

1. REHEARING—LACK OF GROUND FOR MOTION.
    In the absence of a statute regulating procedure on an application for a rehearing, failure of counsel sufficiently to present a cause affords ordinarily no ground on which such an application could be based.

2. SAME—GROUND FOR THE MOTION.
    It does not appear in this case that the decision as rendered was in conflict with an express statute or with a controlling decision to which the attention of the court had not been directed.

United States Court of Customs Appeals, March 13, 1911.

APPLICATION for a rehearing (T. D. 31258).

[Motion denied.]

*Walter Evans Hampton* for the motion.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

PER CURIAM: The above-named appellants have filed their petition for rehearing substantially based upon the claim that the collector, by liquidating the entry before the term of the bond for the production of the certificate of previous exportation had expired, had impliedly waived the production of the certificate. This claim was not made in the brief or argument when the case was heard in this court, but it was claimed that by showing the impossibility of obtaining the same its production was, in law, excused.

Some stress seems to be given in the petition to the opening statement in the opinion on file in this case that the tabasco sauce in question was made in America and shipped from New Orleans to England. This must be considered in connection with the further statement

---

[1] Reported in T. D. 31409; see also T. D. 31258 (20 Treas. Dec., 186, 498).

therein that we should so find if evidence legally competent to prove that fact was embodied in the record, and that. we held that such evidence was not therein contained.

It is quite apparent from the record that the petitioners here, beginning with the hearing before the Board of General Appraisers, have all the time been charged with knowledge that it was contended by the Government that the production of the certificate of previous exportation was an indispensable prerequisite to entitle the petitioners to free entry of their importation.

It is unnecessary to enter into an elaborate discussion of the rules which, in the absence of a statute regulating procedure in such cases, are generally held to govern the granting a petition for reargument in appellate courts, except to say that failure of counsel to sufficiently present a cause for determination ordinarily furnishes no ground for a rehearing. It is also generally considered that a reargument will not be ordered upon a petition therefor, unless it appears that the decision as rendered is in conflict with an express statute or a controlling decision to which attention was not called when the case was first argued in the appellate tribunal, neither of which conditions are made to appear in the petition before us.

The result is that the petition for rehearing is *denied*.