BEUTTELL & SONS *v.* UNITED STATES (No. 1872).[1]

MACHINE-MADE WILTON RUGS.

     Machine-made Wilton rugs are not dutiable under paragraph 300, tariff act of 1913 ("Oriental, Berlin, Aubusson, Axminster, and similar rugs"), but are dutiable under paragraph 294 by virtue of paragraph 303.

United States Court of Customs Appeals, January 28, 1919.

MOTION for rehearing in Beuttell & Sons *v.* United States (8 Ct. Cust. Appls., 409 T. D. 37666).

     [Denied.]

*Bert Hanson*, Assistant Attorney General, for the motion.
*Sharretts, Coe & Hillis* contra.

PER CURIAM: This is a petition to reargue the case reported in 8 Ct. Cust. Appls., 409; T. D. 37666.

---

[1] T. D. 37900 (36 Treas. Dec., 69).

The gist of the petition is stated therein as follows:

In order that the question of the similarity of machine-made Wilton rugs to machine-made Axminster rugs may be more elaborately argued before this court, it is respectfully submitted that this petition should be granted.

It was said in the brief by the Government in the original case among other things:

It can scarcely be disputed that Wilton rugs are similar to Axminster rugs in use; namely, as floor coverings; similar in material, namely, wool; and similar in texture, both being pile fabrics.

The fact that a similarity exists between Axminster and Wilton rugs, not only in the process of their manufacture but in their material, as well as in their use, is entirely obvious and was not overlooked by the court in writing the original opinion; but it was said, in view of the manifest intention of Congress in enacting the carpet and carpeting paragraphs, that "it is unnecessary to consider to what extent these rugs are similar to Axminsters, because they are provided for in paragraph 294 by force of paragraph 303."

It will be observed that in the opinion it was pointed out that Congress in the carpet provision of Schedule K had undertaken in orderly sequence to regulate the duties upon carpets and carpeting of the many mentioned classes, and upon rugs, mats, bed sides, art squares, etc., wholly or in part of wool, evidently upon considerations regarding values, name, and process of manufacture, designing to tax the most valuable of these products at rates higher than those of lesser worth, the rates thereon varying from 50 to 20 per cent ad valorem, with the explicit provision that "mats, rugs for floors, screens, covers, hassocks, bed sides, art squares, and other portions of carpets or carpeting composed wholly or in part of wool, and not specially provided for," should be subjected to the rates of duty imposed on carpets and carpeting of like character or description.

If the conceded similarity of Wilton to Axminster rugs be held sufficient to warrant the assessment thereof at the rates provided for the latter, it is difficult to know why other rugs woven whole in the loom of material like that used in making Brussels and other carpets, which are dutiable at rates less than Wilton carpets, would not find assessment at the higher rates provided for Axminster and similar rugs.

It is difficult to escape the conclusion that such a result would defeat the manifest intention of Congress as expressed in the carpeting paragraphs. We do not think upon the record in this case it should be held that Congress intended by the provisions of paragraph 300 to raise the duty upon rugs woven whole in looms from the rates provided in paragraphs 294, 295, 296, etc., when read in connection with paragraph 303, as we have construed the latter in the original opinion. In other words, the force that under different

circumstances might perhaps be given to the provision for "Ax-minster and similar rugs" in paragraph 300 must yield to the mani-fest congressional intent deduced from *all* the carpeting and rug paragraphs.

In this view we see no good purpose to be served in a reargument of this case, even if, as a matter of discretion, we were inclined to waive the ordinary rule relating to rearguments outlined by this court in Lunham *v.* United States (1 Ct. Cust. Appls., 320; T. D. 31409), within the principle of which the Government does not bring itself in its petition here.

The result is that the petition for reargument is *denied.*