**COLONNA & CO., INC.**

v.

**UNITED STATES.**

C. R. D. 75–4; Court No. 72–1–00066.

United States Customs Court.

Aug. 11, 1975.

Lamb & Lerch, New York City (Richard J. Kaplan, New York City, of counsel), for plaintiff.

Rex E. Lee, Asst. Atty. Gen. (David A. Ast, New York City, trial atty.), for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Judge:

Pursuant to rule 12.1 of the rules of this court, plaintiff has moved for rehearing and reconsideration of an order dated October 11, 1974 affecting merchandise imported under entry numbers 141274 and 543524.

The pertinent facts are as follows:

Entries 141274 and 543524 were liquidated[1] on September 4, 1970 and September 11, 1970, respectively. Within one week after each liquidation, specifically, September 11, 1970 and September 14, 1970, plaintiff filed a timely, valid protest pursuant to section 514, Tariff Act of 1930 (19 U.S.C. § 1514), contesting the classification of the merchandise and the assessment of duties.

The regional commissioner's office of the Customs Service (formerly designated the Bureau of Customs) responded to plaintiff's September 1970 protests with form letters, dated May 5, 1971. Except for entry number and dates, these letters were identical in content. The first paragraph expressly referred to plaintiff's "requested reconsideration of the classification of certain merchandise * * *." The second paragraph stated:

"Please be advised that we have reviewed the classification in the light of your claim and adhere to our original action. However, this decision may be protested by the importer or his authorized agent within 90 days after the date of this letter by filing a protest on Customs Form 19 in quadruplicate in accordance with Section 1514 (a)(7), Title 19, United States Code."

Plaintiff followed the procedure indicated and, on August 3, 1971, within 90 days thereafter, filed protest 1001–1–018099 on Customs Form 19, which stated:

"Protest is hereby made against your decisions of May 5, 1971 (Reference Nos. LIQ: 1394, BH: js, Entry No. 141274 and LIQ: 1393, BH: js, Entry No. 543524) whereby you advised that you have reviewed the classifications of certain merchandise imported under these entry numbers and had adhered to your original action. Protest was timely and is hereby made against your decision, liquidation and assessment of duties charged at 14½% ad valorem—515.-2400 on Travertine Blocks and of similar merchandise described on and covered by the entrys [sic] enumerated above. The protested administrative decision, the nature of the objection, and the reasons therefor are as follows: As to the classification and rate and amount of duties, it is claimed that the proper classification is under TSUS Item No. 515.2100 at the rate of 7¢ per cubic foot or in the alternative under TSUS Item No. 515.3100 at the rate of 10% ad val."

On August 27, 1971, the reviewing customs officer issued a form notice of denial, which is printed on that same Customs Form 19. The printed notice, which contains his checked notation, reads as follows:

(CUSTOMS USE ONLY)

"The following action has been taken on this Protest,

Denied because:

☐ If approved, check here

☐ Untimely Filed

☑ Original Customs decision reviewed and found to be correct

☐ Other, namely _____

Other: _____ "

Within 180 days thereafter, on January 12, 1972, plaintiff filed the summons in this action.

---

1. Liquidation is defined in the Customs Regulations (19 CFR 159.1) as the "final computation or ascertainment of the duties or drawback accruing on an entry."

The September 1970 liquidations, and the September 1970 protests, are of especial significance in that they occurred shortly before October 1, 1970. On that date the Customs Courts Act of 1970, title I, Pub.L. 91–271, which revised the judicial procedures of this court, and the Customs Administrative Act of 1970, titles II and III, Pub.L. 91–271, which revised the administrative review procedures of the Customs Service, became effective.

Under section 203 of the public law, titles II and III took effect with respect to articles entered, or withdrawn from warehouse for consumption, on or after October 1, 1970. They were also made applicable to other articles entered or withdrawn from warehouse for consumption prior thereto with respect to which a protest had not been disallowed in whole or in part before October 1, 1970. Under section 122, title I became effective on that date except for merchandise entered prior thereto for which trial had already commenced.

■ Since the protests were not acted upon prior to October 1, 1970, any action taken thereafter was subject to the procedural requirements of Public Law 91–271.

Section 514, Tariff Act of 1930, as amended by the Customs Administrative Act of 1970 (19 U.S.C. § 1514), revised the procedures for the filing of a protest; changed the period allowed for filing a protest against an administrative decision from 60 days to 90 days after notice of the decision is given; and set forth the following decisions and findings which may be protested:

"(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable;

(3) all charges or exactions of whatever character within the juris-

diction of the Secretary of the Treasury;

(4) the exclusion of merchandise from entry or delivery under any provision of the customs laws;

(5) the liquidation or reliquidation of an entry, or any modification thereof;

(6) the refusal to pay a claim for drawback; and

(7) the refusal to reliquidate an entry under section 1520(c) of this title".

Section 520(c)(1), Tariff Act of 1930, as amended, *supra* (19 U.S.C. § 1520(c)(1)), provides for reliquidation of an entry to correct [2]—

"(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, or transaction, or within ninety days after liquidation or exaction when the liquidation or exaction is made more than nine months after the date of the entry, or transaction; * * * ".

Section 515(a), Tariff Act of 1930, as amended, *supra* (19 U.S.C. § 1515(a)), provides that—

"(a) Unless a request for an accelerated disposition of a protest is filed in accordance with subsection (b) of this section the appropriate customs officer, within two years from the date a protest was filed in accordance with section 1514 of this title, shall review the protest and shall allow or deny such protest in whole or in part. Thereafter, any duties, charge, or exaction found to have been as-

---

**2.** Prior to the 1970 amendment, section 520 (c)(1) stated the same grounds for reliquidation of an entry. The major changes effected by Pub.L. 91–271 were the substitution of the numbers "ninety" and "nine" for "sixty" and "ten," respectively.

sessed or collected in excess shall be remitted or refunded and any drawback found due shall be paid. Upon the request of the protesting party, filed within the time allowed for the filing of a protest under section 1514 of this title, a protest may be subject to further review by another appropriate customs officer, under the circumstances and in the form and manner that may be prescribed by the Secretary in regulations, but subject to the two year limitation prescribed in the first sentence of this subsection. Notice of the denial of any protest shall be mailed in the form and manner prescribed by the Secretary."

Section 2631(a) of title 28, United States Code, as amended by the Customs Courts Act of 1970, prescribes that an action on a protest denied pursuant to section 515(a) is barred unless brought in this court within 180 days after the date of mailing of the notice of denial. Section 2632(a) of title 28, as amended, *supra,* requires that the action be commenced by filing a summons in accordance with the rules of this court.[3]

In essence, the defendant contends that as to these two entries, the court lacks jurisdiction over the action, since it has not been commenced by the timely filing of a summons within 180 days from the date of mailing of the notices of denial, as required by sections 2631(a) and 2632(a), *supra.*

It maintains that plaintiff's valid "old-law" letter protests of September 1970 had been denied by the Bureau of Customs letters of May 5, 1971. Under its view the May 5, 1971 letters constituted section 515(a) notices of denial, which commenced the running of the 180-day period of limitations within which to file a summons.

The defendant also urges that plaintiff's protest of August 3, 1971 does not meet the requirements of section 514, as amended, in that it is not directed against a protestable administrative decision, but is based merely on the "denial of a protest." Furthermore, defendant asserts that it was not filed within 90 days from the liquidation.

Plaintiff maintains that the agency letters were not section 515(a) notices of denial of the protests, but rather, were notices of denial of what the customs officials had construed to be requests for reliquidation of the entries under section 520(c)(1), and which, as plaintiff was advised, could be protested "by filing a protest * * * in accordance with Section 1514(a)(7), Title 19, United States Code." Inasmuch as 19 U.S.C. § 1514(a)(7) cites the refusal to reliquidate an entry under section 520(c) as a protestable ground, plaintiff contends that: 1) the customs authorities had issued protestable administrative decisions; 2) the subsequent timely protest filed on August 3, 1971 was denied on August 27, 1971 by notice given in accordance with section 515(a); and 3) the summons, which was filed within 180 days thereafter, properly invoked the jurisdiction of this court.

---

3. Sections 2631(a) and 2632(a), as amended by Pub.L. 91–271, read in pertinent part as follows:

"§ 2631. Time for commencement of action.

(a) An action over which the court has jurisdiction under section 1582(a) of this title is barred unless commenced within one hundred and eighty days after:

(1) the date of mailing of notice of denial, in whole or in part, of a protest pursuant to the provisions of section 515(a) of the Tariff Act of 1930, as amended;
* * * ".

"§ 2632. Customs Court procedure and fees.

(a) A party may contest denial of a protest under section 515 of the Tariff Act of 1930, as amended, or the decision of the Secretary of the Treasury made under section 516 of the Tariff Act of 1930, as amended, by bringing a civil action in the Customs Court. A civil action shall be commenced by filing a summons in the form, manner, and style and with the content prescribed in rules adopted by the court."

Prior to October 1, 1970, there were no provisions for mailing of a notice of denial of a protest or filing of a summons. If the protest was disallowed, the appropriate customs officer was required by sec. 515, Tariff Act of 1930 (19 U.S.C. § 1515), to transmit the protest, entry and related papers directly to this court "for due assignment and determination."

At the oral argument on this motion, plaintiff raised a new jurisdictional issue. Plaintiff claims, alternatively, that the original protests are still pending since they were never validly denied pursuant to section 515(a). Consequently, plaintiff contends that the subsequent documents filed herein, commencing with the letters of May 5, 1971 are mere surplusage, and that, as to the two entries, the action should be dismissed on the ground that the summons was prematurely filed.

Although various claims have been advanced, the parties agree that the crucial question is whether the letters of May 5, 1971 constituted notices of denial within the meaning of sections 515(a) and 2631(a) so as to commence the running of the 180-day period of limitations within which to invoke the jurisdiction of this court by filing a summons.

The letters have been carefully examined to ascertain their meaning and import. Their meaning has been determined from the words used, and what the letters actually stated. This test of ascertaining meaning is based upon the expressed or manifest intent of the author.

From the specific language used, the court finds that only one conclusion can be drawn. The letters unequivocally advised plaintiff that the officials in the Bureau of Customs had reviewed the classification in the light of plaintiff's claim, and that they adhered to their original action. This information conveyed to plaintiff is clear and unambiguous.

The letter was equally clear as to the action or procedure that the plaintiff was to follow if it wished to protest that "decision." The prescribed action was specifically set forth as follows:

"However, this decision may be protested by the importer [i. e. plaintiff] or his authorized agent within 90 days after the date of this letter by filing a protest on Customs Form 19 in quadruplicate in accordance with Section 1514(a)(7), Title 19, United States Code."

■ It is conceded that plaintiff complied fully with the procedure prescribed by the customs officials. Counsel for the defendant cannot now urge that plaintiff should not have followed the procedure indicated, or that it should have known that it was incorrect, improper or inadvertently suggested. Exculpatory explanations cannot be asserted against a party who, in justifiable reliance upon instructions received from an authoritative source, has changed his position to his detriment. To fail to apply this standard of conduct to the defendant would fall far short of the moral norm enunciated by President Lincoln who, in his second inaugural message, stated:

"It is as much the duty of Government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals."

Justice, in this case, requires a solution that will neither penalize nor prejudice a plaintiff who complied in good faith with the instructions given by the customs officials.

■ It is evident that the Bureau of Customs had not treated plaintiff's "old-law" letter protests as protests against the classification of the merchandise within the purview of section 514, Tariff Act of 1930, which indeed they were. Rather, they were treated as section 520 (c)(1) requests to reliquidate the entries to correct a "clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of law * * *." Inasmuch as the agency had made an administrative determination as to something which did not exist, namely, requests for reliquidation under section 520(c)(1), plaintiff's original protests were never acted upon. Therefore, they have neither been allowed nor disallowed as required by section 515(a).

In view of the foregoing, the administrative responses of May 5, 1971 were

not effective notices of denial of plaintiff's protests within the meaning of sections 515(a) and 2631(a), as amended, *supra*. Consequently, the running of the 180-day period for the filing of a summons did not commence.

 Since the "old-law" protests of September 1970 are still outstanding, the so-called "protest" of August 3, 1971 and the notice of denial thereof, issued on August 27, 1971, serve no valid purpose or function as required by Public Law 91–271. As plaintiff suggests, they are mere "surplusage."

In the absence of a valid denial of the original protests in accordance with section 515(a), the summons was prematurely filed and the court, for this reason, lacks jurisdiction over the action with respect to entries 141274 and 543524.

The motion for rehearing is denied and the order of October 11, 1974 is hereby amended in accordance with this opinion.[4]

---

4. In light of the court's finding, defendant's claim as to the proper party-plaintiff in connection with entry 543524, and the reference thereto in the order entered October 11, 1974, are mooted.