(C.D. 4714)

CRABTREE VICKERS, INC. *v.* UNITED STATES

Court No. 75-1-00278

(Dated September 23, 1977)

*Murray Sklaroff* for the plaintiff.
*Barbara Allen Babcock,* Assistant Attorney General (*Susan Handler-Menahem,* trial attorney), for the defendant.

LANDIS, Judge: Plaintiff has filed a motion for rehearing of *Crabn tree Vickers, Inc.* v. *United States,* 79 Cust. Ct. 13, C.D. 4707 (1977) on the sole basis set out in plaintiff's memorandum "that the Court did not rule expressly on the effect of General Interpretative Rule 10(h) pertaining to classification of articles *whether finished or not finished.*" (Emphasis quoted.)

As pointed out in defendant's brief in opposition to plaintiff's motion for rehearing, plaintiff's original brief, although it quoted both paragraphs (h) and (ij) of General Interpretative Rule 10, did not discuss either one. In plaintiff's second brief (opposing defendant's motion for summary judgment), plaintiff merely stated in its conclusion that General Interpretative Rule 10(h) permits classification under the claimed provision, again without discussing any basis therefor.

As counsel failed to sufficiently present this issue for determination previously, there ordinarily would be no ground for rehearing. *Lunham* v. *United States,* 1 Ct. Cust. Appls. 320, T.D. 31409 (1911). *Commonwealth Oil Refining Company, Inc.* v. *United States,* 60 CCPA 162, 166, 480 F. 2d 1352, 1355 (1973).

However, aside from this procedural difficulty there is no merit in plaintiff's contention, for the first time on rehearing, that General Interpretative Rule 10(h) * "supersedes *any legislative ratification* [emphasis quoted] for the simple reason that such proscriptions for classification of unfinished articles must appear in the context of the provision and not solely by way of judicial construction of legislative intent." No authority has been cited for plaintiff's novel position which would have the effect of nullifying judicial construction of legislative intent. The court of appeals stated in *United States* v. *J. Gerber & Co., Inc.. et al.,* 58 CCPA 110, 115, C.A.D. 1013, 436

---

* This rule appears in footnote 4, page 4, of original decision.

F.2d 1390, 1394 (1971), *aff'g J. Gerber & Co., Inc., et al.* v. *United States,* 62 Cust. Ct. 368, C.D. 3773, 298 F. Supp. 516:

> We agree with the trial court that the phrase in General Interpretative Rule 10(h) "unless the context requires otherwise" is meant to withdraw the Rule from operation wherever classification of an unfinished article under the provision for the completed article would come into conflict with any express declarations of Congress elsewhere set forth, that require otherwise. * * *

Clearly the words of Congress, "engraved or otherwise prepared for printing," describe the degree of completion or finishing necessary for merchandise to be classifiable within item 668.38, and legislative ratification of the judicial interpretation of those words indicates that rule 10 (h) is not relevant to this provision.

It is also apparent that the imported merchandise in this case cannot be considered to be an unfinished article for the purposes of TSUS item 668.38. Parts of an article may not be classified as the finished article if an essential item is missing. See *Authentic Furniture Products, Inc.* v. *United States,* 61 CCPA 5, 6, C.A.D. 1109, 486 F.2d 1062, 1063 (1973). The instant plates, as has been held in *The Jersey City Printing Co. et al.* v. *United States,* 63 Treas. Dec. 397, T.D. 46219 (1933) and *J. E. Bernard & Co., Inc.* v. *United States,* 6 Cust. Ct. 46, C.D. 422 (1941), are not substantially complete as they are not engraved. A plate without any sort of engraving cannot be classified as an unfinished plate, engraved for printing, if it cannot produce an image.

The motion for rehearing is denied, and an order will be entered accordingly.