**RELIABLE CHEMICAL COMPANY**

v.

**UNITED STATES.**

**C.R.D. 78–11; Court No. 76–2–00311.**

United States Customs Court.

July 26, 1978.

Ralph W. Kalish, St. Louis, Mo., for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (Velta A. Melnbrencis, New York City, atty.), for defendant.

*Opinion and Order*

WATSON, Judge:

In response to plaintiff's motions to designate Court No. 73–10–02963 a test case and to suspend Court No. 76–2–00311 thereunder, defendant cross moved to dismiss the latter case for lack of jurisdiction.

Defendants motion to dismiss is based on the asserted prematurity of the protest, a circumstance it has not demonstrated to the satisfaction of the court. Although the protest was filed on July 22, 1975 and the bulletin notice of liquidation was made on July 25, 1975 it appears that plaintiff at the time of its protest, was already in possession of a notice of liquidation from defendant.

Defendant apparently sends out a notice prior to the date of the bulletin notice which it characterizes as a "courtesy" notice. The court views this notice (a blank copy of which is reproduced below) as being a notice of liquidation sufficient to be protested under 19 U.S.C. § 1514 even though it is not the notice established by regulation in 19 C.F.R. 159.9 (1975) pursuant to 19 U.S.C. § 1500.

As can be seen the notice is entitled "Notice of Entries Liquidated". It gives no direct indication that it is intended to be an advance, informal or courtesy notification. In its margin it states, "your entry was liquidated on the date indicated for the liquidated amount."

The mere fact that the date indicated was a future date does not overcome the dominant impression that the document is conveying notice of a decision already reached. In point of fact it *is* conveying that notice. It is simply not doing so in the form which defendant, in its regulations, establishes as the ordinary form of notice.

There is no shortage of cases holding that notice of liquidation must be given in the form and manner prescribed by the Secretary of the Treasury and that the regulations so prescribed have the force of law. But this principle was enunciated to decide disputes centered on the question of whether faulty attempts to conform to the regulations could accomplish a proper notice of liquidation. It did not contemplate the use of an alternative and self-sufficient form of notice, chosen by the Secretary of the Treasury.

It would be improper for defendant, having chosen this form of notice, to then fall back on its regulations and attack the natural, reasonable and diligent response of plaintiff as premature under the law and it would be unjust for a court to sanction such conduct.

The law is designed to provide judicial review of administrative decisions, not to magnify the importance of regulations which the agency itself obfuscates or contradicts by its actions, however well-intentioned they may be. *Cf. Colonna & Co., Inc. v. United States*, 75 Cust.Ct. 179 C.R.D. 74–4, 399 F.Supp. 1389 (1975).

This official form 4333–A constituted direct, formal and decisive notice of liquidation from the agency to the importer. Its characterization as a "courtesy" notice is of no importance. Its nature is discernible on its face. It is a notice of liquidation and it can be protested.

It would be another matter if the notice in question stated clearly that it was only an advance, informal or *courtesy notice*, drew the attention of the recipient, unambiguously, to the date of the intended formal notice and informed the recipient of its ensuing right to protest. These characteristics would make the notice a true "courtesy" notice. In its present form it is far less courteous and therefore far more consequential.

For the above reasons defendants' motion to dismiss is denied.

Plaintiff's motion to suspend Court No. 76–2–00311 under Court No. 73–10–02963 is denied.