(C.D. 4781)

WILD HEERBRUGG INSTRUMENTS, INC. *v.* UNITED STATES

Court No. 72-2-00278

Port of New York

Dated December 11, 1978

*Barnes, Richardson & Colburn* (*Richard C. King* and *Rufus E. Jarman, Jr.* of counsel) for the plaintiff.

*Barbara Allen Babcock,* Assistant Attorney General (*William F. Atkin,* trial attorney), for the defendant.

RICHARDSON, Judge: In this action the Government moves for a rehearing of the decision in C.D. 4767 decided September 14, 1978, wherein the court held that the imported phototubes were properly classifiable as alternatively claimed under TSUS item 708.80 as mountings for compound optical microscopes. The Government contends that the court overlooked the fact that at the trial the importer abandoned all claims as to phototube numbered 256539, and that as to this phototube the judgment ought at least be modified so as to affirm the liquidated classification of that phototube under TSUS item 708.89.

The Government also contends that the court did not find it necessary to determine whether the phototubes were optical appliances and instruments within the meaning of item 708.89, but that it is necessary for the court to make such a determination as a predicate for determining that the tubes are mountings inasmuch as the terms "Optical appliances and instruments" and the terms "frames and mountings" are mutually exclusive terms. The Government further contends that the terms "frames and mountings" refer to articles which are nonoptical in nature.

The importer opposes the motion in part. The importer argues that all claims as to phototube 256542, and not phototube 256539 as the Government claims, were abandoned at the trial; and the importer does not oppose the Government's motion insofar as this phototube is concerned. As to all other phototubes, the importer argues that the presence of optical elements in an article does not preclude its classification as a mounting.

The threshold question at the trial was not whether claims affecting any of the phototubes had been abandoned. The question was whether a particular phototube was involved in the importations before the court. The colloquy between the court and counsel on the matter dealt with phototube numbered 256542 and not phototube numbered 256539 (R. 27). For the sake of expediency the importer was willing to waive any claims as to phototube 256542, and the Government's posture as manifest in its pleading was that no phototube with that number was imported.

An examination of all invoices supports the Government's pleading allegation. Since no phototube bearing number 256542 was ever imported under the entries at bar, it follows that no classification was ever made as to such a tube under these entries. Consequently, it would be inappropriate for the court to now modify its judgment herein to sustain a nonexistent classification merely because the importer waived any claim as to merchandise which was never imported or classified under the involved entries.

With respect to the other numbered phototubes actually imported and classified, it is implicit in the court's decision in C.D. 4767 that the court regarded the disputed phototubes as being by nature something less than a complete and functional end-use article which the terms "appliances" and "instruments" connote and, hence, that they are not, therefore, "Optical appliances and instruments" within the meaning of the superior heading to item 708.89. Thus, the court said in C.D. 4767, "* * * if the tube is *part* of any instrument * * * it is *part* of the host microscope." (Italics added.) And in this posture the court went on in the opinion to conclude "that these phototubes fall squarely within the ambit of the term 'mountings' for compound optical microscopes under item 708.80", it being apparent to the court that a compound optical microscope is a specific optical appliance or instrument.

With respect to the Government's contention that the terms "frames and mountings" refer exclusively to nonoptical articles, one searches its trial brief in vain for any statement indicative of such an argument. In fact, in its trial brief the Government argued to the contrary in its alternative posture. (See p. 36, defendant's brief, where it states: "* * * if the phototubes are not properly classified as optical appliances and instruments under item 708.89, they are properly classifiable as frames and mountings for compound optical microscopes under item 708.80, TSUS.") Also, arguments raised for the first time on rehearing are not properly before the court for consideration when prior opportunity existed during trial for the moving party to have adequately made its position known. *Lunham* v. *United States*, 1 Ct. Cust. Appls. 320, T.D. 31409 (1911).

For the reasons stated, defendant's motion for rehearing is denied in all respects.