GOLDHOFER FAHRZEUGWERK GMBH & CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82-4-00551

MEMORANDUM OPINION AND ORDER

(Dated March 30, 1987)

*Donohue & Donohue (James A. Geraghty,* on the motion), for plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*John J. Mahon,* on the motion), for defendant.

RE, *Chief Judge:* This action, a customs classification case, is unassigned, and, pursuant to the provisions of 28 U.S.C. § 255(a) (1982) and Rule 77(d)(2), of the Rules of this Court, plaintiff moves before the chief judge for its assignment to a three-judge panel.

The question presented is whether the contentions and reasons urged by the plaintiff warrant a finding that the action raises issues which justify the assignment of this action to a three-judge panel. The chief judge finds that the issues raised do not have "broad or significant implications in the administration or interpretation of the customs laws," and do not raise "an issue of the constitutionality of an Act of Congress, a proclamation of the President, or an Executive Order," to warrant the assignment of this action to a three-judge panel. 28 USC § 255(a). Therefore, the motion for a three-judge panel is denied.

The substantive question presented pertains to the proper classification, for customs duty purposes, of certain merchandise imported from the Federal Republic of Germany. The merchandise was classified by the Customs Service as "Vehicles (including trailers), not self propelled, not specially provided for, and parts thereof," under item 692.60 of the Tariff Schedules of the United States (TSUS). Consequently, the merchandise was assessed with duty at 8 per centum ad valorem.

Plaintiff, Goldhofer Fahrzeugwerk GmbH & Co., protests this classification, and contends that this court has jurisdiction to decide this classification case notwithstanding that plaintiff did not timely file its protest within 90 days of liquidation. Plaintiff asserts that, since the bulletin notice of liquidation did not provide plaintiff with sufficient notice of liquidation, plaintiff's filing of a protest after receiving actual notice should be deemed timely. Plaintiff also challenges the constitutionality of posting at the Customshouse the bulletin notice of liquidation without supplemental mail notice or personal service. Plaintiff contends that mere posting does not provide plaintiff with the minimal procedural due process of law that is guaranteed by the fifth amendment of the United States Constitution.

On July 13, 1983, the Court ordered the present action to be suspended pending the final determination in a designated test case, *Goldhofer Trailers, USA* v. *United States,* 7 CIT 141 (1984). The government did not appeal the judgment in favor of plaintiff in the test case. Hence, based upon the determination in the test case, plaintiff submitted to defendant a stipulation for judgment on an agreed statement of facts. Since the defendant refused to stipulate, plaintiff

moved to reinstate this action on the court's calendar, and requested defendant to answer the complaint.

In its answer, defendant conceded that the merchandise in question is the same as that which was the subject of the test case, but asserted that this court lacks jurisdiction because plaintiff's protest was not filed within 90 days of the posting of the bulletin notice of liquidation pursuant to 19 C.F.R. § 159.9.

The bulletin notice of liquidation, Customs Form 4333, which contains the entry number and date, liquidation date, name of importer of record, and action taken, was prepared by computer at the United States Customs Service Data Center, Business Systems Division, Computer Operations Branch in Washington, D.C. It was prepared from data entered onto the database by a customs transcriber in Norfolk, Virginia, the port of entry. In this case, however, the bulletin notice incorrectly identified Walsen Design and Manufacturing, rather than plaintiff, as the importer of record for the particular entry in question. In addition, the courtesy notice of liquidation, Customs Form 4333-A, was mailed to Walsen Design instead of plaintiff.

On September 4, 1981, plaintiff received from the Customs Service a Customs Form 6084, designated as a "Rebill," which listed the entry number in question, the increase in duty assessed, and June 5, 1981, as the date of liquidation. This was the first notice of liquidation that plaintiff actually received.

In support of its motion that the chief judge designate a three-judge panel to hear and determine this action, plaintiff contends that the incorrect name listed on both the bulletin notice and the courtesy notice renders both notices legally insufficient. Hence, plaintiff asserts that the protest, which was filed 88 days after the "Rebill" was received by plaintiff, should be deemed a timely protest. Plaintiff submits that, since the bulletin notice was defective, "the liquidation was not complete until rectified" by the Rebill. Furthermore, plaintiff contends that the Customs practice of supplying notice of liquidation by posting a "bulletin notice of liquidation" at the Customshouse does not give the importer of record sufficient notice to provide the minimal due process of law guaranteed by the fifth amendment of the Constitution. Plaintiff's motion is predicated on the belief that these issues are of constitutional importance, and of great significance in the administration of the nation's customs laws.

In opposition of plaintiff's motion, defendant maintains that the bulletin notice of liquidation was sufficient because it was corrected by hand prior to posting at the Customshouse. Furthermore, defendant contends that since the bulletin notice, as corrected, satisfies both the statutory and regulatory provisions governing the notice due to importers of record, plaintiff's motion should be denied.

The authority of the chief judge to designate a three-judge panel of the Court to hear and determine a case is found in Title 28 U.S.C. §§ 253(c), 255(a) (1982).

Section 253(c) of Title 28 provides:

> The chief judge, under rules of the court, may designate any judge or judges of the court to try any case, and when the circumstances so warrant, reassign the case to another judge or judges.

28 U.S.C. § 253(c).

Section 255(a) provides:

> (a) Upon application of any party to a civil action, or upon his own initiative, the chief judge of the Court of International Trade shall designate any three judges to hear and determine any civil action which the chief judge finds: (1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President, or an Executive Order; or (2) has broad and significant implications in the administration or interpretation of the customs laws.

28 U.S.C. § 255(a); *see also* USCIT R. 77(d)(2).

It is clear that the decision to assign an action to a three-judge panel is discretionary with the chief judge. *See, e.g., Fundicao Tupy S.A.* v. *United States,* 11 CIT 23, Slip Op. 87–7 at 7 (Jan. 13, 1987); *Barnhart* v. *United States,* 5 CIT 201, 204–205, 563 F. Supp. 1387, 1390 (1983); *Farr Man & Co.* v. *United States,* 1 CIT 104, 106 (1980). In exercising this discretion, the chief judge must find that the issues presented satisfy either of the two statutory criterion set forth in Title 28 U.S.C. § 255(a). *See Fundicao Tupy,* 11 CIT 23, Slip Op. 87–7, at 6. The chief judge must also consider whether the benefits and advantages of a decision by a three-judge panel outweigh the benefits derived from the " 'more efficient utilization of judicial resources' " provided by a single judge. *Id.* (quoting H.R. Rep. No. 267, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Admin. News 3188, 3200).

Recently, in *Fundicao Tupy S.A.* v. *United States,* 11 CIT 23, Slip Op. 87–7 (Jan. 13, 1987), the law and policy governing the designation of a three-judge panel was set forth with reasonable specificity. In the *Fundicao* case, the plaintiff challenged a final injury determination of the International Trade Commission as to imports of malleable cast-iron pipe fittings from Brazil. Plaintiff contended that the ITC had based its determination on an incorrect and improper interpretation of the cumulation statute, and moved for assignment of the action to a three-judge panel of the court. The government opposed the motion on the grounds that issues pertaining to cumulation have routinely been decided by a single-judge court, and that to grant plaintiff's motion would result in an unnecessary and inefficient application of judicial resources. *See Fundicao Tupy,* 11 CIT 23, Slip Op. 87–7, at 5.

On the facts and issues presented in *Fundicao,* the chief judge granted the motion for designation of a three-judge panel. It was indicated that the legislative history of sections 254 and 255 "makes clear the intent of Congress to conserve judicial resources and reduce procedural delays by limiting three-judge panels to specified, exceptional situations which raise important issues that would warrant a collegial and broader judicial consideration." Fundicao Tupy, 11 CIT 23, Slip Op. 87–7, at 7–8 (citing *National Corn Growers Ass'n* v. *Baker,* 10 CIT 517, 643 F. Supp. 626, 630 (1986); H.R. Rep. No. 267, 91st Cong., 2d Sess., *reprinted in* 1970 U.S. Code Cong. & Admin. News 3188, 3200–01).

Moreover, it was noted that the Customs Courts Act of 1980 reaffirmed the 1970 statutory direction for the assignment of cases to a single judge, except in those instances which raise important constitutional issues, or which have a broad or significant impact in the administration of the customs laws. *Fundicao Tupy,* 11 CIT 23, Slip Op. 87–7, at 7; *see* 28 U.S.C. §§ 254, 255 (1982). The authority conferred upon the chief judge in section 255 embodies the congressional policy determination that a decision rendered by a three-judge panel contributes to the uniform interpretation and application of the nation's international trade laws. *Fundicao Tupy,* 11 CIT 23, Slip Op. 87–7, at 9; *see also* H.R. Rep. No. 1235, 96th Cong., 2d Sess. 20, *reprinted in* 1980 U.S. Code Cong. & Admin. News 3729, 3731.

The *Fundicao* opinion also explained that

> consideration by a three-judge panel fosters "a fuller judicial consideration of the case." *National Corn Growers Ass'n* v. *Baker,* 10 CIT 517, 643 F. Supp. 626, 630 (1986) * * *. The synergistic effect of this more thorough, judicial consideration would also promote the national policy of uniformity set forth in Article I, Section 8, of the United States Constitution, which mandates that "all Duties, Imposts and Excises shall be uniform throughout the United States." U.S. Const. Art. I, § 8; *see* Re, *Litigation Before the United States Court of International Trade,* 19 U.S.C.A. at vii (West Supp. 1986).

*Fundicao Tupy,* 11 CIT 23, Slip Op. 87–7, at 9–10.

It concluded that the " 'appointment of a three-judge panel ensures that the decision reached will reflect an institutional consensus, and thereby serves to further the statutory and constitutional mandate of uniformity of the international trade laws.' " *Fundicao Tupy,* 11 CIT 23, Slip Op. 87–7, at 10 (quoting *National Corn Growers,* 643 F. Supp. at 630–31).

In this case, plaintiff challenges the sufficiency of a bulletin liquidation notice, and invokes the equitable maxim "equity regards as done that which ought to be done." As support for its request for equitable relief, plaintiff cites *State Metals, Inc.* v. *United States,* 82 Cust. Ct. 91, C.D. 4793 (1979), *vacated,* 84 Cust. Ct. 51, C.D. 4840 (1980). The decision in the *State Metals* case, however, was vacated

pursuant to an agreement between the parties, and, therefore, has little precedential value. 84 Cust. Ct. 51, C.D. 4840 (1980).

It may also be noted that plaintiff's request for equitable relief, on the facts of this particular case, would seem to weaken the assertion that the case has "broad and significant implications in the administration and interpretation of the customs laws." Traditional notions of equity highlight or imply that a plaintiff has resorted to equity so that justice may be done in the particular case. *See generally* E. Re, *Remedies* 13–14 (2d ed. 1987). Although a request for equitable relief does not necessarily preclude assignment to a three-judge panel, plaintiff's request for equitable relief in this case serves to underscore the limited precedential value of the case. It is clear that what plaintiff seeks is the application of the doctrine of equitable estoppel to the particular facts of this case. Viewed in this light, it cannot be questioned that a single-judge of this court may decide cases which request equitable relief based on the particular facts of the case. *See, e.g. United States* v. *Federal Insurance Co.*, 805 F.2d. 1012 (Fed. Cir. 1986); *United States* v. *Reliable Chemical Co.*, 66 CCPA 123, C.A.D. 1232, 605 F.2d 1179 (1979), *rev'g* 81 Cust. Ct. 154, C.R.D. 78–11, 465 F. Supp. 1291 (1978).

In the present case, plaintiff contends that the manually corrected bulletin notice failed to comply with the regulation governing bulletin notices. *See* 19 C.F.R. § 159.9. This contention, although important to the plaintiff and other parties similarly situated in the future, does not justify the designation of a three-judge panel under section 255 of Title 28. Indeed, it has been stated that a three-judge panel is warranted only upon a clear showing of special factors or exceptional circumstances. *Fundicao Tupy S.A.* v. *United States*, 11 CIT 23, Slip Op. 87–7 (Jan. 13, 1987); *SCM Corp.* v. *United States*, 79 Cust. Ct. 163, 167, C.R.D. 77–6, 435 F. Supp. 1224, 1228 (1977). The presence of an important jurisdictional issue does not, by itself, make this case exceptional. In sum, plaintiff has failed to show that special factors exist which would warrant the assignment of this action to a three-judge panel.

Alternatively, plaintiff bases its motion for a three-judge panel on the alleged unconstitutionality of the regulation requiring posting of the bulletin notice of liquidation. Plaintiff contends that a bulletin notice, by itself, fails to provide the importer of record with the requisite "notice" and "opportunity to be heard" within the meaning of the due process clause of the Constitution. This contention is not sufficient to warrant the designation of a three-judge panel. As has been stated:

> Allegations of unconstitutionality, in and of themselves, are insufficient to bring an action within the confines of the section 255 exception to the single-judge trial standard. Indeed, in the past, cases raising questions of the constitutionality of an Act of

Congress also have been resolved exclusively by a single judge of this court.

*Barnhart* v. *United States,* 5 CIT 201, 206, 563 F. Supp. 1387, 1391 (1983).

Plaintiff, in its brief, merely alleges unconstitutionality. This bare allegation, however, does not persuade the chief judge that "the benefits and advantages of a decision by a three-judge panel outweigh the benefits derived from the 'more efficient utilization of judicial resources' provided by a single judge." *Fundicao Tupy S.A.* v. *United States,* 11 CIT 23, Slip Op. 87–7, at 7. Moreover, it should be noted that the notice of liquidation provisions of 19 U.S.C. § 159.9 have been upheld by a single judge in *Frederick Wholesale Corporation* v. *United States,* 6 CIT 306, 585 F. Supp. 640 (1983), *aff'd,* 754 F.2d 349 (Fed. Cir. 1985).

For the reasons stated, the chief judge finds that plaintiff has failed to demonstrate that the issues presented in this action warrant its assignment to a three-judge panel. Accordingly, plaintiff's motion that the chief judge designate three judges to hear and determine this action is denied.

Nothing in this opinion should be interpreted as expressing any view as to the merits of the litigation.