GEORGE WEINTRAUB & SONS,
INC., Plaintiff,

v.

UNITED STATES, Defendant.

Court No. 86–03–00417.

United States Court of
International Trade.

Nov. 21, 1988.

Barnes, Richardson & Colburn, Andrew P. Vance, New York City, for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, Mark S. Sochaczewsky, New York City, for defendant.

## OPINION

MUSGRAVE, Judge.

### BACKGROUND

In *George Weintraub & Sons, Inc. v. U.S.*, 691 F.Supp. 1449, (1988) this Court granted summary judgment for plaintiff, and denied defendant's motion to dismiss for failure to state a claim upon which relief may be granted and for lack of jurisdiction. Defendant subsequently moved for a rehearing pursuant to Rule 59(e) of the Rules of the Court in order

"to rectify a significant flaw in this Court's original decision, which did not dismiss this case despite plaintiff's failure to satisfy jurisdictional requirements, since plaintiff did not commence a civil action within 180 days of the denial of the first protest this Court found was filed by plaintiff in this matter." Defendant's Motion for Rehearing.

### DISCUSSION

As stated in the original decision, this dispute centers on the characterization of the filings in question, which characterizations are determinative on the issue of the timeliness of those filings.

A summary of the dates and events described in Slip Op. 88–92 may be helpful. On August 5, 1983 plaintiff requested reliquidation under 19 U.S.C. Section 1520(c)(1) and (c)(2) of its Entry No. 83–116303–5 which was liquidated on May 6, 1983. On November 16, 1984, Customs, which treated the August 5, 1983 request as a protest, denied plaintiff's request as "untimely filed". On November 28, 1984 plaintiff requested reconsideration of this denial. This request was denied on December 6, 1984[1]. Plaintiff filed a protest against this denial on February 15, 1985 which protest was denied on October 4, 1985. This action was commenced on March 31, 1986.

The grounds asserted for defendant's motion for rehearing are that the Court erroneously concluded that two protests may be filed against one entry and that

---

1. This date, in 691 F.Supp. 1449, was inadvertently referred to as December 8, 1984.

two protests were filed against Custom's refusal to reliquidate the subject entry— the first protest on November 28, 1984 and the second on February 15, 1985. The Court, however, did not so find, notwithstanding certain language of the opinion [2]. Defendant asserts that the November 28th request was not timely summonsed within 180 days of its denial, thus depriving the Court of jurisdiction. Defendant further asserts that plaintiff's February 15, 1985 protest cannot cure the alleged jurisdictional deficiency, as 19 U.S.C. § 1514(c)(1) states that "Only one protest may be filed for each entry of merchandise ..."

It should be noted, however, that in its original Cross–Motion for Summary Judgment plaintiff appended thereto a Statement Of Material Facts Not In Dispute, which included a statement that on March 31, 1986 plaintiff had *timely* filed a summons contesting the denial of its protest by Customs. This statement was not controverted by defendant in its response.

Whatever else may be said, or has been said, about this case, the salient facts remain that defendant agrees [3] that on March 31, 1986 plaintiff timely filed a summons. To have been timely, the summons would have had to have been with reference to the October 4, 1985 denial by Customs of the February 15, 1985 protest by plaintiff.

Defendant's argument that the February 15, 1985 protest was an invalid second protest is now being made for the first time in defendant's Motion for Rehearing. As was stated in *U.S. v. Gold Mountain Coffee, Ltd.,* 8 CIT 336, 337, 601 F.Supp. 212, 214 (1984), "arguments raised for the first time on rehearing are not properly before the court for consideration when prior opportunity existed during trial for the moving party to have adequately made its position known." (*Quoting Wild Heerbrugg In-*struments Co. v. U.S., 81 Cust.Ct. 141 (1978).)

Furthermore, "[t]his court has consistently denied motions for rehearing premised solely on the moving party's dissatisfaction with the trial court's decision." *BMT Commodity Corp. v. U.S.,* 11 CIT ——, 674 F.Supp. 868, 870 (1987), *aff'd,* 852 F.2d 1285 (Fed.Cir.1988).

As indicated in Slip Op. 88–92, the Court considers the August 5, 1983 submission by plaintiff to be a request for reliquidation under Section 1520, not as a protest as it was treated by Customs. This "protest" was denied on November 16, 1984. Therefore, inasmuch as Customs, in its denial of the "protest", had made an administrative decision as to something which did not exist, namely, a protest under Section 1514, plaintiff's original request had not been acted upon and was still pending. *See Colonna & Co., v. U.S.,* 75 Cust.Ct. 179, 184, 399 F.Supp. 1389, 1393 (1975); *U.S. v. Desiree International U.S.A., Ltd.,* 497 F.Supp. 264 (1980). After receiving Customs' November 16, 1984 denial of its request for reliquidation, plaintiff requested reconsideration on November 28, 1984. This request was denied on December 6, 1984 on two grounds. Customs indicated that it adhered to its decision denying the August 5, 1983 "protest" as untimely. But Customs also stated, "We have reviewed your claim(s) and have determined that there is no clerical error, mistake of fact, or other inadvertence correctable under Section 520(c)(1)." [4] It is important to note that this was the first time that Customs had specifically denied plaintiff's request for reliquidation under Section 1520(c) on the merits of the claim. Until this denial of plaintiff's request for reliquidation was made on December 6, 1984 a Section 1514 protest by plaintiff of its request for reliquidation would have been premature. It

---

**2.** The Court's reference to "... denial of plaintiff's second protest ...", 691 F.Supp. 1449, 1454, was unartful; the phrase as contained in the reference, refers to the request for reconsideration of November 28, 1984 and the actual protest of February 15, 1985. The reference to "second protest" should have been in quotes.

**3.** Plaintiff's Statement of Material Facts Not in Dispute, which was not controverted by defendant in any respect.

**4.** Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Cross–Motion for Summary Judgment, Exhibit H.

was for this reason, presumably, that plaintiff requested reconsideration of its original request for reliquidation. The Court originally characterized this November 28th request as a protest of Custom's November 16, 1984 denial of plaintiff's request for reliquidation. Upon further consideration the Court finds that it may have appeared to have mischaracterized this November 28th request. This mischaracterization, however, if it so appears to defendant, does not change the result in this case.

Plaintiff's original August 5, 1983 request for reliquidation was finally acted upon on December 6, 1984, when Customs denied plaintiff's request, including plaintiff's November 28th request for reconsideration, and refused to reliquidate under Section 1520. Consequently, plaintiff's right arose under Section 1514(c)(2) to protest, within 90 days, Customs refusal to reliquidate its entry. Plaintiff protested this decision of Customs, in accordance with Section 1514, on February 15, 1985. Customs denied this protest on October 4, 1985 and this action was then timely commenced on March 31, 1986.

Accordingly, the motion for rehearing must be, and hereby is, DENIED.