**FREDERICK WHOLESALE CORP., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 83–1–00074.**

United States Court of International Trade.

Dec. 19, 1983.

Siegel, Mandell & Davidson, P.C., New York City (Allan H. Kamnitz and Michelle Benjamin, New York City, on the motion), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I Liebman, Attorney in Charge, Commercial Litigation Branch, New York City (Jerry P. Wiskin, New York City, on the motion), for defendant.

MEMORANDUM OPINION
AND ORDER

CARMAN, Judge:

This matter is before me on defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, or alternatively, for judgment on the pleadings and/or summary judgment. Plaintiff has cross-moved for summary judgment.

Plaintiff alleges in its complaint that the January 29, 1982 notice of liquidation of Entry No. 792888 is "null and void" since said notice was not in accordance with the

terms of 19 U.S.C. § 1500(e) (1982)[1] and 19 C.F.R. § 159.9(b) (1983)[2]. Plaintiff argues that absent proper notice, there has never been a final liquidation of Entry No. 792888, and that since more than 1 year has passed from date of entry without a final legal liquidation, Entry No. 792888 must be deemed to have been liquidated pursuant to 19 U.S.C. § 1504(a) (1982) "at the rate of duty, value, quantity and amount of duties asserted at the time of entry by the importer * * * * " Specifically, plaintiff alleges that the bulletin notice of liquidation was not posted in a conspicuous place at the New York Customhouse and that no sign was maintained at the Customhouse directing interested parties where said notice of liquidation of entries could be found.

Defendant moves to dismiss plaintiff's complaint arguing this court lacks jurisdiction because no timely protest was filed against the liquidation of Entry No. 792888. Defendant contends the notice requirements of 19 C.F.R. § 159.9(b) were satisfied, and since plaintiff failed to file a protest within 90 days after notice of liquidation as required by 19 U.S.C. § 1514(c)(2)(A) (1982)[3], it cannot pursue its case in this court.

The facts, stipulated to by the parties, in their essence follow here.

The bulletin notice at issue was first placed on an open table in Room 345 and then on an open shelf in Room 331 of the Customhouse at Six World Trade Center in New York City. Six World Trade Center is an eight-story building covering approximately one square city block. There are three means of ingress and egress to the Customhouse. The second floor (plaza level), where the cashier's office, information office, office directory and elevator to the upper floors are located, can be reached by escalators or a stairway.

During the period in question (January 29, 1982 through April 30, 1982), there was no sign maintained in the Customhouse stating the location of bulletin notices. Defendant maintains no such sign was required. The bulletin notice in question was originally placed in Room 345 of the Customhouse which is one of 36 offices on the third floor, and located adjacent to a public corridor. There was no directional sign in the third floor corridor directing the public specifically to Room 345. The bulletin notices in Room 345 were placed on a table and during the period in question, Room 345 of the Customhouse was a public room.

Although a sign existed on the door of Room 345 stating limitations on the hours of access to that room during the period January to April, 1982, the Customs Service had terminated the practice of limiting access to room 345 to the hours stated therein. Approximately 4 weeks after the date of liquidation, i.e., January 29, 1982, the bulletin notice of liquidation was moved from Room 345 to Room 331, where it was maintained on a shelf that was open, plainly visible and accessible to importers and other interested persons. There was no sign maintained anywhere in the Customhouse advising the public that the bulletin

---

1. 19 U.S.C. § 1500(e) (1982) provides:

The appropriate customs officer shall, under rules and regulations prescribed by the Secretary—

   *     *     *     *     *     *

give notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall prescribe in such regulations.

2. 19 C.F.R. § 159.9(b) provides:

*Posting of bulletin notice.* The bulletin notice of liquidation shall be posted for the information of importers in a conspicuous place in the customhouse at the port of entry (or Customs station, when the entries listed were filed at a Customs station outside the limits of a port of entry), or shall be lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidation of entries are to be found.

3. 19 U.S.C. § 1514(c)(2)(A) (1982) provides in pertinent part:

A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—

notice of liquidation or reliquidation * * * *

notices of liquidation were maintained in Room 331 of the Customhouse. Defendant maintains that no such sign was required. On or about January 29, 1982 through April 30, 1982, Room 331 of the Customhouse was open to the public, located adjacent to a public corridor, was the subject of a directional sign which contained the legend "Documents Control, 331," and had a sign on the door stating: "Documents Control and Certification."

The United States Customs Service during the period January through April, 1982, maintained, on the lobby level of the New York Customhouse, a Customs Information Office. The Regional Commissioner of Customs, during the period in question, maintained an office at the New York Customhouse in Room 716 which was open to the public. The New York Seaport Area Director, during that period, maintained an office in Room 423 of the New York Customhouse also open to the public.

Plaintiff is the importer of record for Entry No. 792888 and is not a first-time importer at the New York Seaport. Plaintiff had made a considerable number of entries of merchandise at the New York Seaport prior to Entry No. 792888. Entry No. 792888 was "liquidated" on January 29, 1982 and the entry papers were so stamped. The bulletin notice of liquidation for January 29, 1982 listed the liquidation of Entry No. 792888 and was maintained in Room 345 and then in Room 331 of the Customhouse, Six World Trade Center, New York, New York 10048.

Plaintiff did not file a protest within 90 days of January 29, 1982. Plaintiff did, however, file a protest on August 26, 1982, which stated that it contested the validity of the liquidation of January 29, 1982. Entry No. 792888 was liquidated on January 29, 1982, with an increase in duties totalling $47.49. This increase in duties found to be due and owing when Entry No. 792888 was liquidated resulted from the decision of the Customs Service to classify certain bottles separately, rather than as an entirety. The only models affected were: H2/554, H2/555, H2/557, H2/558. All other merchandise in Entry No. 792888 was "liquidated" as entered by the plaintiff. The increased duties found due and owing upon the liquidation of Entry No. 792888 were paid by or on behalf of plaintiff on February 5, 1982, 7 days after the entry was "liquidated."

Plaintiff received a courtesy notice of liquidation for Entry No. 792888 prior to January 29, 1982. The courtesy notice of liquidation for Entry No. 792888 gave actual knowledge of the impending liquidation of Entry No. 792888 for January 29, 1982. Plaintiff had authorized a law firm to review the liquidation of entries and to file protests on its behalf.

The initial question to be determined is whether this court has subject matter jurisdiction to decide whether the bulletin notice of liquidation pertaining to Entry No. 792888 was given in accordance with 19 C.F.R. § 159.9(b).

Since the subject matter of this case concerns decisions which are protestable under 19 U.S.C. § 1514, plaintiff alleges jurisdiction under 28 U.S.C. § 1581(a) (Supp. V 1981).[4] The filing and denial of a timely protest is necessary for this court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1581(a). Generally, a timely protest is that which is accomplished within 90 days after, but not before, a notice of liquidation. 19 U.S.C. § 1514(c)(2)(A) (1982). In the case at hand, plaintiff did not file a protest within 90 days after the notice of liquidation. However, plaintiff argues that by virtue of the defendant's failure to give notice of liquidation as required by law, the liquidation of January 29, 1982 is incomplete, and a protest need not have been filed within 90 days of January 29, 1982. Plaintiff filed a protest after the 90-day period challenging the liquidation on this basis, and this protest was denied on December 27, 1982.

---

**4.** 28 U.S.C. § 1581(a) (Supp. V 1981) provides:
(a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

■ It is clear that this court generally is empowered to inquire whether the facts necessary to the exercise of its subject matter jurisdiction have been established. *See Schering Corp. v. United States*, 67 CCPA 83, 87, 626 F.2d 162, 167 (1980); *General Petroleum Corp. v. United States*, 56 Cust.Ct. 249, 251 (1966). (The court has the power to determine whether a protest is timely.)

The facts surrounding the bulletin notice of liquidation are relevant to the timeliness of plaintiff's protest. Absent proper notice of liquidation, the ability of a plaintiff to protest in a timely fashion is greatly impaired. Therefore, to determine whether the protest was timely, this court finds it necessary to look to the jurisdictional facts surrounding the liquidation in question to determine whether notice was given in compliance with the provisions of 19 C.F.R. § 159.9. *See Commonwealth Oil Refining Co. v. United States*, 67 Cust.Ct. 37, 45, 330 F.Supp. 598, 603–04 (1971), *aff'd*, 60 CCPA 162, 480 F.2d 1352 (1973).

Section 159.9(b) of Title 19 of the Code of Federal Regulations provides that the posting of the bulletin notice of liquidation shall be accomplished either by posting the bulletin notice in a conspicuous place in the Customhouse or by lodging it in some other suitable place in the Customhouse where it can be readily located by interested persons directed to that place by a notice maintained in a conspicuous place that states where notices of liquidation can be found. Plaintiff asserts that the bulletin notice of liquidation in the case at hand was neither posted in a conspicuous place nor was there a sign directing interested persons to where bulletin notices of liquidation could be found.

■ The bulletin notice of liquidation in question was initially placed on a table in Room 345 of the Customhouse with access to the public. The table was open and plainly visible. When the notice was later moved to Room 331 where it was maintained on a shelf, it was again open and plainly visible. Further, a Customs Information Office was maintained at the lobby level and was open to the public.

With respect to the requirement of posting[5] in a conspicuous place, this court in *Commonwealth Oil* stated the following:

> [T]he bulletin notice of liquidation must be posted in a place *which is plainly visible and accessible to the ordinary interested person.* In this respect, we do not consider that it need seize the attention of the visitor with the impact and aggressiveness of a colorful advertisement, but rather *that it have a placement which is open and accessible.*

67 Cust.Ct. at 45, 330 F.Supp. at 605 (emphasis added).

In the case at hand, the bulletin notice, both when it occupied Room 345 on an open table and then in Room 331 on an open shelf, was open and accessible to importers and other interested parties. Furthermore, both Room 345 and Room 331 are located in a public corridor near the elevators and open and accessible to the public. Since the bulletin notice was in an open and accessible place, this court must find that the bulletin notice was made available to the importer in a conspicuous place and the requirements of 19 C.F.R. § 159.9(b) have been met[6].

■ Therefore, notice having been properly given pursuant to 19 C.F.R. § 159.9(b), the protest was not timely made, and de-

---

**5.** The term "posting" in 19 C.F.R. § 159.9(b) can be broadly construed and has not been interpreted to require vertical affixation. The court in *Olavarria & Co. v. United States*, 47 CCPA 65, 68 (1960), stated: "[A]ssuming the notices were displayed on a desk or file cabinet instead of on a bulletin board or wall, that fact alone would not necessarily establish that they were not posted in a 'conspicuous' place * * * *" The operative word in the regulation is "conspicuous," and a mode of "posting" that discharges the provision's function of apprising interested persons, such as in the case at hand, is acceptable.

**6.** Although a sign directing interested persons to the place where the bulletin notices of liquidation are maintained can be viewed as desirable, this court cannot find the maintenance of such a sign is required by 19 C.F.R. § 159.9(b), where the bulletin notices themselves are posted in a conspicuous place.

fendant's motion to dismiss must be, and hereby is, granted. Furthermore, plaintiff's cross-motion for summary judgment, must be, and hereby is, denied.