**FREDERICK WHOLESALE CORP., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 84–839.**

United States Court of Appeals, Federal Circuit.

Feb. 8, 1985.

Allan H. Kamnitz, of Siegel, Mandell & Davidson, P.C., New York City, argued for appellant.

Joseph I. Liebman, Attorney-in-Charge, Dept. of Justice, New York City, argued for appellee. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Branch Director, Washington, D.C., Jerry P. Wiskin, Commercial Litigation Branch, International Trade Field Office, New York City.

Steven P. Florsheim and Robert B. Silverman, Mandel & Grunfeld, New York City, were on the brief for amicus curiae.

Before RICH, DAVIS, and BALDWIN, Circuit Judges.

BALDWIN, Circuit Judge.

This is an appeal by Frederick Wholesale Corp. from the judgment of the United States Court of International Trade, 585 F.Supp. 640 (Ct. Int'l Trade 1983), dismissing Frederick Wholesale's action brought pursuant to 28 U.S.C. § 1581(a) for lack of subject matter jurisdiction. We affirm.

### Background

This action concerns an entry made at the New York Seaport on July 19, 1981 for which Frederick Wholesale was the importer. The parties have stipulated to the facts. We briefly summarize the relevant facts.

On January 29, 1982 the entry papers for this entry were stamped "liquidated" and increased duties totaling $47.49 were assessed. The bulletin notice of liquidation for January 29, 1982 listed the liquidation of this entry and, along with other bulletin notices, was maintained in the New York Customhouse, Six World Trade Center, in New York City. Apparently, a bulletin notice of liquidation consists of a computer printout, and the bulletin notices for the given liquidation date are placed in binders. For the time period relevant to this case, the binders were first placed on a table in Room 345 located on the third floor of the Customhouse. After 30 days, the bulletin notices were transferred to Room 331 on the same floor of the Customhouse, and placed on an open shelf. The Customhouse is an eight-story building. On the second floor (plaza level), one finds the cashier's office, information office, office directory, and elevator to the upper floors. On the third floor there are 36 offices. Rooms 345 and 331 are located in a public corridor near the elevators. When the bulletin notices were on the table in Room 345 or on the shelf in Room 331, they were open, visible, and accessible to one who was in that room. However, there was no sign anywhere in the Customhouse advising the public that the bulletin notices were maintained in Rooms 345 and 331.

The parties also stipulated that Frederick Wholesale received, prior to January 29, 1982, a courtesy notice of liquidation for the entry which gave it actual knowledge of the impending liquidation of the entry for January 29, 1982. On February 5, 1982, Frederick Wholesale paid the increased duties in the amount of $47.49 found to be due and owing upon liquidation. Moreover, Frederick Wholesale's authorized law firm and customhouse broker had actual knowledge that, for the relevant time period, the bulletin notices of liquidation for New York Seaport entries were maintained and available for inspection in Room 345 of the Customhouse.

On August 26, 1982, Frederick Wholesale filed a protest contesting the legality of the January 29 liquidation. The protest was denied and this action was commenced in the Court of International Trade. The United States moved to dismiss on the ground that the court lacked jurisdiction because Frederick Wholesale failed to file its protest within 90 days after notice of liquidation, as required by 19 U.S.C. § 1514(c)(2)(A) (1982).[1] Frederick Wholesale argued that there was no valid liquidation because the United States Custom Service (Customs) failed to provide notice according to 19 U.S.C. § 1500(e) (1982)[2] and 19 C.F.R. § 159.9(b) (1984).[3] Its main contention on the notice issue is that the bulle-

tin notice of liquidation for the entry in question was not posted in a conspicuous place at the New York Customhouse and that no sign was maintained in the Customhouse advising interested parties where notices of liquidation could be found.

The Court of International Trade granted the United States' motion to dismiss, concluding that the protest was not timely made. Finding that the bulletin notice of liquidation was in an "open and accessible place," and thus was available to the importer in a conspicuous place, the court held that notice of liquidation had been properly given pursuant to 19 C.F.R. § 159.9(b).

On appeal, Frederick Wholesale contends that the lower court erroneously concluded that the bulletin notice of liquidation was posted in a "conspicuous place." It argues that conspicuous posting requires not only that the bulletin notice be visible and accessible to one inside either Room 345 or 331, but that the rooms themselves must be plainly visible and accessible to the ordinary interested person. This, it says, was not the case because the rooms were inconspicuous and Customs maintained no signs directing persons to the rooms.[4]

## OPINION

■ The relevant regulation, 19 C.F.R. § 159.9(b), provides Customs two methods

---

1. The section provides in relevant part:

    A protest of a decision, order, or finding ... shall be filed with such customs officer within ninety days after but not before—
    (A) notice of liquidation or reliquidation
    ....

2. 19 U.S.C. § 1500 provides in relevant part:

    The appropriate customs officer shall, under rules and regulations prescribed by the Secretary—
      *   *   *   *   *   *
    (e) give notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall prescribe in such regulations.

3. 19 C.F.R. § 159.9(b) provides:

    *Posting of bulletin notice.* The bulletin notice of liquidation shall be posted for the information of importers in a conspicuous place in the customhouse at the port of entry (or Customs station, when the entries listed

were filed at a Customs station outside the limits of a port of entry), or shall be lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidation of entries are to be found.

4. An *amicus curiae*, J.E. Mamiye & Sons, Inc., has filed a brief which makes arguments similar to those of appellant Frederick Wholesale. As to remedy, Frederick Wholesale requests a remand so that the Court of International Trade can pass upon its cross-motion for summary judgment that the entry was liquidated by operation of law pursuant to 19 U.S.C. § 1504(a) (1982), whereas *amicus* argues that lack of proper notice has prevented the entry from liquidating at all and that remand for completion of liquidation is in order. In view of our disposition on jurisdiction, we do not address this issue.

of giving notice of the bulletin notices of liquidation. The first is posting the bulletin notices in a "conspicuous place" in the customhouse and the second is lodging the bulletin notices

> at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidation of entries are to be found.

These methods of giving notice under section 159.9(b), intended for the benefit of importers and interested persons, are evaluated according to the standard of a prudent importer or other interested person exercising a reasonable amount of diligence. See, e.g., Commonwealth Oil Refining Co. v. United States, 332 F.Supp. 203, 207 (Cust.Ct.1971). Using this standard, and based upon the undisputed record, we conclude as a matter of law that notice was properly given pursuant to 19 C.F.R. § 159.9(b) and thus that Frederick Wholesale's protest was not timely.

█ We have no difficulty in agreeing with the Court of International Trade's conclusion that the bulletin notices were "posted in a conspicuous place." Frederick Wholesale does not dispute that the bulletin notices displayed in Room 345 and later in Room 331 were open and accessible to importers and other interested persons, but argues that the rooms themselves were not so conspicuous as to alert persons that the bulletin notices were within them. We reject the argument. A prudent importer or other interested person exercising a reasonable amount of diligence would have been directed to the proper room by consulting the Customs Information Office located on the plaza level in conjunction with, if necessary, the offices of the Regional Commis-

sioner of Customs or the Area Director of the New York Seaport Area, which are also located in the Customhouse. We refuse to apply a wooden construction to the term "conspicuous" as urged by appellant. Instead, in determining that the bulletin notices were posted in a conspicuous place by their open and accessible placement in Rooms 345 and 331 of the Customhouse in conjunction with customary means for locating those rooms, we comply with the underlying standard of prudence applicable to importers and other interested persons.

█ It also follows from the discussion above, that the second method of giving notice under 19 C.F.R. § 159.9(b) was satisfied here. Rooms 345 and 331 were suitable places in the Customhouse for lodging the bulletin notices. The bulletin notices could readily be located and consulted by all interested persons who, exercising ordinary prudence, would be directed to their location by a "notice" maintained in a conspicuous place. The information office, in conjunction with, if necessary, officials at the Customhouse, would be that "notice."[5] We construe this method of notice, like the first method, in light of the underlying standard of prudence.

Because we conclude that Customs gave proper notice under 19 C.F.R. § 159.9(b), we do not address the government's arguments based on actual notice to the appellant.

AFFIRMED.

---

5. *Amicus* argues that this second alternative is not applicable because the parties stipulated that "there was no notice maintained anywhere in the customhouse stating where bulletin notices are to be found." We do not read this stipulated fact as also being a stipulation of law. Thus, although the government may agree that there were no signs in the customhouse, it is not necessarily agreeing that there was no "notice" within the meaning of 19 C.F.R. § 159.9(b). Indeed, the government argues that the information office and responsible customs officials constituted sufficient "notice."