**CHANNEL MASTER, DIV. OF AVNET, INC., Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

No. 88–1213.

United States Court of Appeals, Federal Circuit.

Sept. 12, 1988.

Richard C. King, Fitch, King and Caffentzis, New York City, argued, for plaintiff-appellant.

Saul Davis, Commercial Litigation Branch, Dept. of Justice, New York City, argued, for defendant-appellee. With him on the brief, were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office.

Before NIES, NEWMAN and MICHEL, Circuit Judges.

MICHEL, Circuit Judge.

Channel Master, Div. of Avnet, Inc., appeals the judgment of the United States Court of International Trade, 648 F.Supp. 10 (Ct. Int'l Trade 1986) (Re, Chief Judge), upholding the classification by the United States Customs Service of Channel Master's imported merchandise as "other solid state (tubeless) radio receivers" under items 685.23 or 685.24 of the Tariff Schedules of the United States. We affirm.

### Background

This case concerns three types of solid state "scanners" imported from Japan by the appellant during the years 1974 through 1977. Each type of scanner is designed, upon insertion of one or more crystals, to receive radio frequencies corresponding to the inserted crystals. However, the scanners are not exported with crystals. Instead, the crystals are inserted into the scanners by eventual purchasers after importation. Crystals are inserted into a scanner by removing the back panel of the scanner and placing the crystals in an empty space designed for their receipt.

Channel Master's scanners were classified by the Customs Service under the Tariff Schedules of the United States as "other solid-state (tubeless) radio receivers," dutiable at a rate of 10.4 percent of their value. In an action it filed in the Court of International Trade contesting denial of a protest, Channel Master objected to the "radio receiver" classification and asserted that, since its scanners, as imported, lacked crystals, the merchandise properly should have been classified as "parts of radio receivers" or "other radio broadcasting reception apparatus," under the Schedules, dutiable at a rate of 6 percent of their value. In response, the government argued that Channel Master's scanners were at least "unfinished" radio receivers and, therefore, correctly classified as radio receivers in keeping with the applicable rule of interpretation for the Tariff Schedules, 19 U.S.C. § 1202 General Headnotes and Rules of Interpretation 10(h) (1982), which states that:

unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished.

The Court of International Trade, relying upon *Daisy–Heddon, Div. Victor Comptometer Corp. v. United States*, 600 F.2d 799 (CCPA 1979), binding precedent of one of our predecessor courts, held that assembled portions of an article indeed may be classified as the article itself when the imported assembly, although lacking "essential" parts, constitutes a "substantially complete article." The Court of International Trade further held that Channel Master's scanners are substantially complete radio receivers which, with the addition of the crystals, perform the basic func-

tions of radio receivers, namely, selection, amplification, and detection. Accordingly, the Court of International Trade determined that the scanners had been properly classified and dismissed Channel Master's action. We are in agreement with the court's basic analysis.

## OPINION

On appeal, Channel Master attacks the Court of International Trade's legal conclusion that imported assemblies which constitute a "substantially complete article" but which lack one or more "essential" parts nonetheless may be classified as the unfinished article. According to Channel Master, since its scanners, as imported, cannot perform the basic functions of radio receivers, and could do so only with the insertion of the crystals, the imported scanners cannot be radio receivers or classified as such. We disagree.

As the Court of International Trade pointed out, the *Daisy–Heddon* case clearly established that the test to be applied is not solely whether an omitted part is "essential," but whether Channel Master's assembled pieces result in a "substantially complete" article. Channel Master argued essentially that the crystals have unique functional significance and, therefore, are indisputably "essential." But the *Daisy–Heddon* court specifically stated that it is improper for an importer to have "seized" on the word "essential" and to have ignored other factors indicative of whether an article is substantially complete. 600 F.2d at 802; *see also Swift Instruments, Inc. v. United States*, 554 F.Supp. 1235, 1237–38 (Ct. Int'l Trade 1982), *aff'd*, 714 F.2d 161 (Fed.Cir.1983).

The court in *Daisy–Heddon* further stated that, in addition to the relative significance of an omitted part, other possibly relevant factors include: (1) comparison of the number of omitted parts with the number of included parts; (2) comparison of the time and effort required to complete the article with the time and effort required to place it in its imported condition; (3) comparison of the cost of the included parts with that of the omitted parts; and (4)

trade customs, i.e., whether the trade recognize the importation as an unfinished article or as merely a part of that article. 600 F.2d at 803. This multifactor test avoids a rigid approach that may be inappropriate to a given case, *id.*, and specifically avoids compelling an outcome, as might otherwise result, whereby simply delaying the insertion of just one or a few parts until after importation causes an imported device to be designated as "parts" rather than as the unfinished article. The opportunities in the latter circumstance for bad faith circumventing of the Customs law would be legion. Accordingly, in view of the rule of law clearly set forth in *Daisy–Heddon*, we reject Channel Master's argument that it is the significance of the omitted crystals alone which should be dispositive in this case.

We also conclude that there is no error in the Court of International Trade's application of the law to the undisputed facts in this case. The stipulated facts disclose that two of the Channel Master scanners have over 135 parts and are fully operational with the addition of just four crystals and four small batteries. The other scanner at issue has over 175 parts and requires the addition of just ten crystals to be fully operational. Accordingly, as to the first of the "other" factors recited in *Daisy–Heddon*, there is a clear indication that the scanners, as imported, are substantially complete radio receivers.

No dispute exists respecting the relatively quick, simple, and costless steps required for untrained consumers to insert the crystals into the scanners. Therefore, with regard to time and effort for completing the articles as compared to the time and effort required to place the articles in their imported condition, the undisputed facts once again support the Court of International Trade's determination that Channel Master's scanners are substantially complete.

The evidence also showed that the cost of the omitted parts comprised 14 percent, 16 percent, and 23 percent of the three different scanner models, respectively. The Court of International Trade acknowledged

that these percentages were not insignificant, but found them relatively small and sufficiently low to support the conclusion that the scanners are substantially complete. We cannot disagree.

Based on these determinations, and notwithstanding the unique functional significance of the crystals, we are of the view that the Court of International Trade correctly concluded that Channel Master's scanners were properly classified and properly charged at the higher rate, and thus that the Court of International Trade correctly dismissed Channel Master's action. Moreover, as the Court of International Trade observed, a presumption of correctness attaches to the government's classification and it is the importer's burden to overcome this presumption. *See Jarvis Clark Co. v. United States*, 739 F.2d 628, 630 (Fed.Cir.1984); *United States v. A.*

*Johnson & Co., Inc.*, 588 F.2d 297, 300, 301, 66 CCPA 35 (1978); *Hayes–Sammons Chemical Co. v. United States*, 55 CCPA 69, 72 (1968). Based on the totality of the circumstances in this case, we agree Channel Master simply has not carried its burden.

## CONCLUSION

Accordingly, the judgment of the Court of International Trade dismissing the action is affirmed.

AFFIRMED.