SANWA FOODS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–12–00927

(Dated May 10, 1994)

*Glad & Ferguson (Edward N. Glad),* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Mark S. Sochaczewsky);* United States Customs Service *(Stephen Berke),* of counsel, for defendant.

### MEMORANDUM OPINION

GOLDBERG, *Judge:* This matter is presently before the court on renewed cross-motions for summary judgment, the court having

granted defendant's motion for rehearing by order dated February 22, 1994. *Sanwa Foods, Inc. v. United States,* Slip Op. 94–30 (CIT Feb. 22, 1994). The court exercises its jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988).

## DISCUSSION

The factual predicate underlying this action is detailed in he court's first memorandum opinion. *Sanwa Foods, Inc. v. United States,* Slip Op. 93–169 at 2–3 (CIT Aug. 23, 1993) *("Sanwa I").* In brief, Sanwa Foods, Inc. ("Sanwa") commenced this action to contest the denial of its protests by the United States Customs Service ("Customs"). Sanwa had filed protests against the government's classification of merchandise entered into the port of Los Angeles, California between March 13, 1990 and April 10, 1990. the subject merchandise consists of color printed cellophane plastic film laminated to a polyethylene plastic film.

Customs liquidated the subject entries under subheading 3920.10.00 of the Harmonized Tariff Schedule of the United States ("HTSUS"). Sanwa objects to Customs' reading of this provision, and argues that subheading 3923.21.00, HTSUS, provides for the most appropriate classification of its merchandise. The relevant HTSUS headings and subheadings provide:

| | |
|---|---|
| 3920 | Other plates, sheets, film, foil and strip, of plastics, noncellular and not reinforced, laminated, supported or similarly combined with other materials: |
| 3920.10.00 | Of polymers of ethylene . . . . . . . . . . . . 4.2% |

\* \* \* \* \* \* \*

| | |
|---|---|
| 3923 | Articles for the conveyance or packing of goods, of plastics; stoppers, lids, caps and other closures, of plastics:<br>Sacks and bags (including cones): |
| 3923.21.00 | Of polymers of ethylene . . . . . . . . 3% |

The first issue to be addressed is the proper reading of heading 3920. The court reaffirms its reading of this provision as expressed in the court's first memorandum opinion. *Sanwa I,* Slip Op. 93–169 at 5–8. Specifically, the court finds that heading 3920 covers other noncellular plastic plates, sheets, film, foil and strip that are reinforced, laminated, supported or similarly combined, with like materials; it does not cover such noncellular plastic items that are reinforced, laminated, supported or similarly combined, with other materials. In this context, the term "other materials" includes cellular plastics. *Id.* at 6, 8.

Having made this determination, the court, in its original memorandum opinion, examined whether a cellophane plastic film is cellular or noncellular. Based upon a dictionary definition, the court erroneously concluded that because "cellophane is made of cellulose it falls within the category of cellular plastics [which are] not covered by subheading 3920.10.00." *Sanwa I,* Slip Op. 93–169 at 9. As the government estab-

lished in support of its motion for rehearing, however, cellophane is a product of regenerated cellulose, and can be either a cellular or noncellular plastic. By stipulation dated March 14, 1994, the parties agreed that the imported merchandise does not contain a cellular plastic and is not a cellular plastic. Therefore, because the merchandise is comprised of a noncellular cellophane plastic film laminated to a polyethylene plastic film, the court finds that Sanwa's entries are described by subheading 3920.10.00, HTSUS (1990).

In its original memorandum opinion, the court concluded that the subject imports are covered by subheading 3923.21.00, HTSUS. *Sanwa I,* Slip Op. 93–169 at 10. Because the court now finds that subheading 3920.10.00 does in fact cover Sanwa's merchandise, the court must reexamine its original conclusion. The HTSUS General Rules of Interpretation ("GRI") provide guiding principles for the classification of imports. Sanwa relies upon GRI 2 and GRI 3 in support of its claim for classification under subheading 3923.21.00.[1] The government argues that reference to GRI 2 and GRI 3 is unwarranted because, in accordance with GRI 1,[2] the subject imports fully satisfy the requirements for classification under subheading 3920.10.00.

The court previously found that application of GRI 2(a) was not precluded in this case. *See Sanwa I,* Slip Op. 93–169 at 10. That determination was made, however, after the court erroneously concluded that Sanwa's merchandise is not covered by subheading 3920.10.00. As noted, the court finds that the subject imports are covered by subheading 3920.10.00, HTSUS. In contrast, the merchandise may be described by subheading 3923.21.00 *only if* GRI 2(a) is applied so that the provision also covers unfinished plastic articles for the conveyance or packing of goods. The court finds little reason to finesse the merchandise into one provision in the tariff schedule when another provision is readily accessible. In addition, the court observes that Note 10 to Chapter 39 of the HTSUS states:

> In headings 3920 and 3921, the expression *"plates, sheets, film, foil and strip"* applies only to plates, sheets, film, foil and strip (other than those of chapter 54) and to blocks of regular geometric shape, whether or not printed or otherwise surface-worked, uncut or cut into rectangles (including squares) but not further worked (even if when so cut they become articles ready for use).

This language clearly directs classification Sanwa's merchandise under heading 3920, regardless of whether it is finished or unfinished, and

---

[1] GRI 2(a) provides that "[a]ny reference in a heading to an article shall be taken to include a reference to that article incomplete or unfinished, provided that, as presented, the incomplete or unfinished article has the essential character of the *complete or finished article.*"

GRI 3(a) provides that, where goods are classifiable under two or more headings, the heading that provides the most specific description shall be preferred. If, however, goods cannot be classified by applying this rule of relative specificity, GRI 3(c) provides that the goods shall be classified under the heading that occurs last in numerical order.

[2] GRI 1 provides that "for legal purposes, classification shall be determined according to the terms of the headings and any relative section or chapter notes and, provided such headings or notes do not otherwise require, according to the [remaining rules of interpretation]." Thus, as Explanatory Notes (III)(b) and (V) to GRI 1 indicate, the headings and relative section or chapter notes are to be the first, indeed the paramount, consideration, in determining classification.

regardless of whether it may be more specifically provided for elsewhere in the tariff schedule. Because the subject imports are thus classifiable under subheading 3920.10.00, additional reference to GRI 2(a) is unwarranted. Consequently, the court need not address the question of relative specificity raised by Sanwa in its supplemental brief.

## CONCLUSION

Customs' classification is afforded a statutory presumption of correctness. 28 U.S.C. § 2639(a)(1) (1988); *see, e.g., Channel Master, Div. of Avnet, Inc. v. United States,* 6 Fed. Cir. (T) 175, 178, 856 F.2d 177, 180 (1988); *Jarvis Clark Co. v. United States,* 2 Fed. Cir. (T) 70, 75, 733 F.2d 873, 878 (1984). Sanwa has failed to rebut this presumption. customs' decision is supported by the express terms of heading 3920 and associated chapter notes, and is in accordance with GRI 1. The court finds that the subject imports are correctly classified under subheading 3920.10.00, HTSUS. For the foregoing reasons, Customs classification is affirmed, and this case is dismissed.